[Cite as *State v. Recob*, 2014-Ohio-929.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100012**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## JARED RECOB

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR–12-568960

**BEFORE:** Keough, P.J., Kilbane, J., and McCormack, J.

**RELEASED AND JOURNALIZED:** March 13, 2014

**ATTORNEY FOR APPELLANT**

Rick Ferrara
2077 East 4th Street
Second Floor
Cleveland, Ohio 44114

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Brett Kyker
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

KATHLEEN ANN KEOUGH, P.J.:

**{¶1}** Defendant-appellant, Jared Recob, appeals his sentences for pandering sexually-oriented matter involving a minor and possessing criminal tools. Finding no merit to the appeal, we affirm.

## I.  Background

**{¶2}** In November 2012, the Cuyahoga County Grand Jury returned a 31-count indictment against Recob. The indictment stemmed from Recob's use of his computer to share videos of child pornography with other individuals. Counts 1 through 7 charged pandering sexually-oriented matter involving a minor in violation of R.C. 2907.322(A)(2); Counts 8 through 30 charged pandering sexually-oriented matter involving a minor in violation of R.C. 2907.322(A)(1); and Count 31 charged possessing criminal tools in violation of R.C. 2923.24(A). All counts carried a forfeiture of property specification pursuant to R.C. 2941.1417(A). The counts asserted various dates of the offenses ranging from July 13, 2012 to August 30, 2012; as relevant to this appeal, Counts 1 through 4 charged that the offenses occurred on July 13, 2012, and Counts 5 through 7 charged that the offenses occurred on July 23, 2012.

**{¶3}** On March 14, 2013, Recob appeared in court with defense counsel to enter a guilty plea pursuant to a plea agreement with the state. The prosecutor outlined the plea agreement and informed the court that Recob "agrees that these are not allied offenses of similar import" and that the court could impose consecutive sentences. Defense counsel then informed the court that she had explained to Recob the rights he

was waiving by pleading guilty and the potential penalties that could be imposed, and that he understood those rights and penalties.

{¶4} After questioning Recob regarding his understanding of the rights he would be waiving and the potential penalties associated with the offenses to which he would be pleading guilty, the trial court specifically inquired of defense counsel regarding whether she had considered each count to verify that the offenses were not allied offenses of similar import. Defense counsel stated that she had done so but then informed the court that the state had just provided to defense counsel that morning a computer forensic analysis report that could affect the determination of whether the offenses were allied. The trial court continued the plea hearing to allow defense counsel time to review the report and make an allied offenses determination.

{¶5} On April 23, 2013, Recob again appeared with defense counsel to enter a guilty plea pursuant to a plea agreement with the state. The state again outlined the proposed plea agreement for the court. The prosecutor indicated that Recob would plead guilty to Counts 1 through 16 and Count 31 of the indictment, and the other counts would be nolled. The prosecutor informed the court that "as part and parcel of the plea agreement in this matter, it's the state's understanding defendant will agree and stipulate that the offenses to which he's about to enter a plea of guilty are non-allied offenses."

{¶6} Following the state's recitation of the plea agreement, defense counsel informed the court that there was "no longer an issue" regarding allied offenses and that "the applicable law and case law support the state's position" that the offenses to which

Recob would be pleading guilty were not allied offenses of similar import. She stated further that she had discussed with Recob his rights and the potential penalties associated with the offenses to which he would be pleading guilty. The trial court then re-advised Recob of the rights he would be waiving by pleading guilty and the potential penalties associated with the offenses included in the plea agreement. The trial court specifically advised Recob that Counts 1 through 16 regarding pandering sexually-oriented material were second-degree felonies, each punishable by terms of between two and eight years incarceration and fines up to $15,000. Recob then pleaded guilty to Counts 1 through 16 and Count 31 of the indictment.

{¶7} The trial court subsequently sentenced Recob to four years incarceration on each of Counts 8 through 16, concurrent, and to ten months incarceration on Count 31, to be served consecutive to the four-year sentence on Counts 8 through 16. The trial court also ordered Recob to serve five years of community control sanctions on Counts 1 through 7, consecutive to and commencing after the completion of the prison term. Recob appeals from this judgment.

## II. Analysis

{¶8} In his single assignment of error, Recob asserts that the trial court erred in not merging allied offenses of similar import at sentencing. Specifically, he contends that the court should have merged Counts 1 through 4, which occurred on July 13, 2012, and Counts 5 through 7, which occurred on July 23, 2012.

{¶9} These counts alleged pandering sexually-oriented material under R.C. 2907.322(A)(2), which provides that "[n]o person, with knowledge of the character of the material or performance involved, shall * * * advertise for sale or dissemination, sell, distribute, exhibit, or display any material that shows a minor participating or engaging in sexual activity, masturbation, or bestiality." Recob contends that advertising electronic files as available for download from one's IP address, even if multiple files are included, is one act committed with a single animus because an individual merely clicks the mouse to highlight the selected files and then posts the advertised files as available for sharing. Accordingly, he contends, the trial court erred in not merging Counts 1 through 4 and Counts 5 through 7 as allied offenses. We disagree.

{¶10} As the Ohio Supreme Court observed in *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, it is well established that there may be only one conviction for allied offenses of similar import and, therefore, allied offenses must be merged at sentencing. *Id.* at ¶ 26. Because a trial court is prohibited from imposing individual sentences for counts that constitute allied offenses of similar import, a defendant's plea to multiple counts does not affect the court's duty to merge those counts at sentencing. *Id.* Nevertheless, the Ohio Supreme Court observed in *Underwood* that

> nothing in this decision precludes the state and a defendant from stipulating that the offenses were committed with separate animus, thus subjecting the defendant to more than one conviction and sentence. *When the plea agreement is silent on the issue of allied offenses of similar import*, however, the trial court is obligated under R.C. 2941.25 to determine whether the offenses are allied, and if they are, to convict the defendant of only one offense.

(Emphasis added.)

{¶11} Here, the record of the plea agreement is not "silent" as to the issue of allied offenses. It clearly reflects that as part of his plea bargain, the state and Recob stipulated that the offenses to which he was pleading guilty were not allied offenses of similar import, and, further, that Recob understood that he could be sentenced to separate terms on each of Counts 1 through 4 and 5 through 7. Because of the stipulation, the trial court was not obligated to determine whether the offenses were allied and did not err in not merging the offenses at sentencing. *See, e.g., State v. Mannarino*, 8th Dist. Cuyahoga No. 98727, 2013-Ohio-1795, ¶ 48-49; *State v. Ward*, 8th Dist. Cuyahoga No. 97219, 2012-Ohio-1199, ¶ 17-20; *State v. Donaldson*, 2d Dist. Montgomery No. 24911, 2012-Ohio-5792, ¶ 25. The assignment of error is overruled.

{¶12} Affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

KATHLEEN ANN KEOUGH, PRESIDING JUDGE

MARY EILEEN KILBANE, J., and
TIM McCORMACK, J., CONCUR