[Cite as *State v. Torres*, 2014-Ohio-1622.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 100106

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ALPHER TORRES

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-12-568957

**BEFORE:** McCormack, J., Boyle, A.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** April 17, 2014

**ATTORNEY FOR APPELLANT**

Ruth R. Fischbein-Cohen
3552 Severn Rd., Suite 613
Cleveland, OH 44118


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: Brett Kyker
Assistant County Prosecutor
8th Floor, Justice Center
1200 Ontario Street
Cleveland, OH   44113

TIM McCORMACK, J.:

**{¶1}** Defendant-appellant, Alpher Torres, appeals his sentence for illegal use of a minor in nudity-oriented material or performance, pandering sexually oriented matter involving a minor, and possessing criminal tools. Finding no merit to the appeal, we affirm.

## Procedural History and Substantive Facts

**{¶2}** On November 29, 2012, the Cuyahoga County Grand Jury returned a 60-count indictment against Torres. The indictment stems from Torres's use of computer equipment in his residence to download, save, and share images of child pornography between January 25, 2012, and March 9, 2012. Counts 1, 2, and 9 of the indictment charged Torres with illegal use of a minor in nudity-oriented material or performance in violation of R.C. 2907.323(A)(1). Counts 3 through 8 and Count 10 charged Torres with pandering sexually oriented matter involving a minor in violation R.C. 2907.322(A)(2). Counts 11 through 48 charged Torres with pandering sexually oriented matter involving a minor in violation R.C. 2907.322(A)(5). Counts 49 through 59 charged Torres with illegal use of a minor in nudity-oriented material or performance in violation of R.C. 2907.323(A)(3). Count 60 charged Torres with possessing criminal tools in violation of R.C. 2923.24. With the exception of Count 48, all counts carried a forfeiture specification under R.C. 2941.1417(A). Torres pleaded not guilty to all charges in the indictment.

{¶3} On March 29, 2013, Torres appeared in open court with defense counsel and entered a change of plea. Prior to the change of plea, the state outlined the proposed plea agreement, including possible sentences, and stated that

> as part and parcel to the plea agreement being offered here, the defendant would have to agree that the offenses to which he would be entering a plea of guilty are non-allied offenses. * * * [E]ach count pertains to a separate and distinct file of child pornography, and the case law says that, as such, these would be non-allied offenses.

{¶4} Defense counsel advised the court that he informed his client about the consequences of a plea, specifically with respect to the rights he was waiving and any potential penalties and the ranges of those penalties the court may impose. Counsel stated that he believed Torres understood those rights and potential penalties, stating, "We've gone over various hypotheticals and different scenarios. We've gone over what could possibly happen if he were to go to trial, what could happen as a result of a plea. I believe he does understand that."

{¶5} Thereafter, the court inquired of Torres whether he understood what the prosecutor had put on the record and what defense counsel had stated, to which Torres responded in the affirmative. The court asked Torres if he had any questions, to which he responded, "No, I do not." The court then proceeded to explain the "huge range of potential penalties * * * from probation to decades in prison," stating that "[e]ach of these felonies of the second degree ha[s] a maximum possibility of eight years * * * [s]o eight

times 10 [counts] is 80 [years]. * * * [T]hat's a huge amount of time just on those counts alone."

**{¶6}** In an effort to further ensure that Torres understood the nature of the case and the potential penalties, the trial court continued to state that "technically the maximum could be even more than 80, which is pretty much a life sentence, which, you know, that's a potential possibility. * * * [I]t's a pretty big range, even on a plea. So that's why I like to talk to defendants about this." Torres again advised the court that he had no questions, stating "I told my attorney that I'm willing to take some responsibility [for] my actions, and I trust my attorney a hundred percent." The court then recessed for a short time.

**{¶7}** Returning to the record and upon the court's request, the state recited the plea agreement once again, reiterating that "the defendant will stipulate that the offenses to which he's about to plead guilty are non-allied offenses." In response to the court's inquiry, Torres indicated that he understood the plea agreement, the rights he was waiving, and the potential penalties. He then pleaded guilty to Counts 1 through 38 and Count 60 of the indictment. Torres also agreed to the forfeiture of the items named in the forfeiture specification, including a Dell laptop computer, a Toshiba laptop computer, an HP desktop computer, Western Digital external hard drives, and certain CDs and/or DVDs. The remaining Counts 39 through 59 were dismissed.

**{¶8}** On June 18, 2013, the trial court held a sentencing hearing, during which time the court received statements from Torres and defense counsel. The state also

outlined the underlying facts of the case and read a victim impact statement from one of the children identified in an image retrieved from Torres's computer equipment. The court subsequently sentenced Torres to seven years incarceration on each of Counts 1 and 2, concurrent; seven years incarceration on Counts 3 through 10, concurrent; fifteen months incarceration on Counts 11 through 38, concurrent; and twelve months incarceration on Count 60. The trial court ordered that Counts 1 and 2, Counts 3 through 10, Counts 11 through 38, and Count 60 be served consecutive to each other, for an aggregate prison term of 16 years and three months in prison. The trial court also ordered that Torres forfeit the items specified in his plea agreement. Finally, the court notified Torres that he would be subject to a mandatory term of five years of postrelease control and be labeled a Tier II sex offender.

## Allied Offenses

{¶9} In his sole assignment of error, Torres claims that the trial court erred in not determining whether the counts to which Torres pleaded guilty were allied offenses of similar import. Specifically, he argues that despite the stipulation in the plea agreement that the offenses were not allied offenses, the trial court had a duty to make its own determination. We disagree.

{¶10} In *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 29, the Ohio Supreme Court addressed the trial court's obligation to analyze allied offenses where a defendant enters into a plea agreement:

With respect to the argument that the merger of allied offenses will allow defendants to manipulate plea agreements for a more beneficial result than they bargained for, we note that nothing in this decision precludes the state and a defendant from stipulating in the plea agreement that the offenses were committed with separate animus, thus subjecting the defendant to more than one conviction and sentence. When the plea agreement is silent on the issue of allied offenses of similar import, however, the trial court is obligated under R.C. 2941.25 to determine whether the offenses are allied, and if they are, to convict the defendant of only one offense.

**{¶11}** Here, the plea agreement is not silent on the issue of allied offenses. Rather, the record reflects, and the defendant concedes, that as part of his plea bargain, Torres stipulated that the offenses to which he was pleading guilty were not allied offenses of similar import, and he advised the court that he understood the nature of the plea agreement and the potential penalties to which he could be subjected. Because the parties stipulated that the offenses were not allied offenses, the trial court was not obligated under R.C. 2941.25 to determine whether the offenses charged in Counts 1 through 38 and Count 60 were allied offenses. *State v. Recob*, 8th Dist. Cuyahoga No. 100012, 2014-Ohio-929; *State v. Mannarino*, 8th Dist. Cuyahoga No. 98727, 2013-Ohio-1795, ¶ 48-49; *State v. Ward*, 8th Dist. Cuyahoga No. 97219, 2012-Ohio-1199, ¶ 17-20. The trial court therefore did not err in not making its own determination regarding allied offenses at sentencing.

**{¶12}** Torres's assignment of error is overruled.

**{¶13}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.  The defendant's conviction having been affirmed, any bail pending appeal is terminated.  Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
TIM McCORMACK, JUDGE

MARY J. BOYLE, A.J., and
MARY EILEEN KILBANE, J., CONCUR