[Cite as *State v. Ewing*, 2015-Ohio-3804.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                         Court of Appeals No. L-14-1127

    Appellee                                     Trial Court No. CR0201302370

v.

Michael R. Ewing                              **DECISION AND JUDGMENT**

    Appellant                                    Decided:  September 18, 2015

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Evy M. Jarrett, Assistant Prosecuting Attorney, for appellee.

Edward J. Stechschulte, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Appellant, Michael Ewing, appeals his judgment of conviction from the

Lucas County Court of Common Pleas on one count of aggravated assault and one count

of aggravated riot.  For the following reasons, we affirm.

**{¶ 2}** On August 14, 2013, the Lucas County Grand Jury returned a three-count indictment against appellant. Count One was for felonious assault in violation of R.C. 2903.11(A)(1), a felony of the second degree. Count Two was for intimidation of an attorney, victim, or witness in a criminal case in violation of R.C. 2921.04(B), a felony of the third degree. Count Three was for aggravated riot in violation of R.C. 2917.02(A)(2) and (C), a felony of the fourth degree. The charges stemmed from a fight in the parking lot of a bar during which appellant and several other individuals approached and physically beat the victim. The victim suffered a fractured orbital bone and required several staples to close a cut on his forehead.

**{¶ 3}** On December 16, 2013, appellant withdrew his initial plea of not guilty, and entered a plea of guilty pursuant to *North Carolina v. Alford* to the lesser-included offense of aggravated assault in Count One and to the offense of aggravated riot in Count Three, both felonies of the fourth degree. As part of the plea deal, appellant agreed to a sentence of two years in prison, not including time already served, and the state agreed to dismiss Count Two.

**{¶ 4}** At the subsequent sentencing hearing, the trial court imposed the two-year prison sentence, ordering appellant to serve consecutive one-year terms for each count. At that time, appellant did not raise the issue of whether aggravated riot and aggravated assault were allied offenses, nor did he object to the trial court's failure to consider whether the two counts should merge.

2.

## Assignments of Error

{¶ 5} We have granted appellant's motion for leave to file a delayed appeal, and appellant now presents two assignments of error for our review:

Assignment of Error No. 1: The trial court committed plain error when it failed to inquire and determine whether Appellant's convictions of aggravated assault and aggravated riot merged as allied offenses of a similar import pursuant to R.C. §2941.25(A).

Assignment of Error No. 2: Appellant's trial counsel deprived Appellant of his rights to a fair trial, the effective assistance of counsel, and due process of law as guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and comparable provisions of the Ohio Constitution.

## Analysis

{¶ 6} In his first assignment of error, appellant argues that the trial court committed plain error in failing to conduct a merger analysis. Because the issue of allied offenses was not raised in the trial court, our review shall proceed under the plain error standard. Crim.R. 52(B).

{¶ 7} Before reaching the merits of appellant's assignment of error, we will address the state's contention that he is precluded from now raising the issue on appeal. The state presents two reasons to support its position. First, the state argues that appellant is precluded from raising the issue because he received the benefit of the

3.

bargain of the plea agreement. Second, the state argues that appellant waived the issue when he agreed to a sentence that was longer than the maximum possible sentence for either of the offenses alone, thereby necessitating that the sentences would be consecutive and unmerged.[1] Notably, the Ohio Supreme Court addressed both of these arguments in *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923.

{¶ 8} In that case, Underwood was indicted on two counts of aggravated theft and two counts of theft. Underwood agreed to plead no contest to the four counts in exchange for receiving a prison term of no more than two years. In its written sentencing recommendation, the state noted that the two counts in each of the different categories of thefts would be considered allied offenses of similar import. However, at sentencing, no discussion was held regarding allied offenses, and the trial court sentenced Underwood on all four counts. The trial court ordered all of the sentences to be served concurrently for a total prison term of two years. *Id.* at ¶ 2-6.

{¶ 9} Underwood appealed, arguing that the trial court committed plain error by imposing multiple sentences for allied offenses of similar import. The Second District agreed with Underwood and reversed the conviction. The state then appealed the decision to the Ohio Supreme Court on the following issue: "Is an agreed and jointly recommended sentence 'authorized by law' under R.C. 2953.08(D)(1), and thus not reviewable, when the agreed sentence includes convictions for offenses that are allied

---

[1] The maximum term of incarceration for a felony of the fourth degree is 18 months. R.C. 2929.14(A)(4). Here, appellant was sentenced to two years in prison.

4.

offenses of similar import?" *Id.* at ¶ 7-9. The Ohio Supreme Court answered the question in the negative and affirmed the decision of the Second District.

{¶ 10} In its decision, the Ohio Supreme Court stated,

[A] trial court is prohibited from imposing individual sentences for counts that constitute allied offenses of similar import. A defendant's plea to multiple counts does not affect the court's duty to merge those allied counts at sentencing. This duty is mandatory, not discretionary. Therefore, we conclude that when a sentence is imposed on multiple counts that are allied offenses of similar import in violation of R.C. 2941.25(A), R.C. 2953.08(D) does not bar appellate review of that sentence even though it was jointly recommended by the parties and imposed by the court. *Id.* at ¶ 26.

{¶ 11} Regarding the state's argument that appellant has received the benefit of his bargain, the Ohio Supreme Court dismissed a similar contention that its holding would allow defendants to manipulate plea agreements for a more beneficial result. The court noted,

[N]othing in this decision precludes the state and a defendant from stipulating in the plea agreement that the offenses were committed with separate animus, thus subjecting the defendant to more than one conviction and sentence. When the plea agreement is silent on the issue of allied offenses of similar import, however, the trial court is obligated under R.C.

5.

2941.25 to determine whether the offenses are allied, and if they are, to convict the defendant of only one offense. *Id.* at ¶ 29.

{¶ 12} Here, the plea agreement is silent on the issue of allied offenses. Therefore, in accordance with *Underwood*, we find meritless the state's argument that appellant should be precluded from raising the issue of allied offenses because he received the benefit of the bargain.

{¶ 13} Turning to the state's argument regarding waiver, the Ohio Supreme Court rejected a similar argument made by Justice Cupp in his dissent. The court stated, "We have held that 'courts indulge every reasonable presumption *against* waiver' of fundamental constitutional rights and that we 'do not presume acquiescence in the loss of fundamental rights.' A waiver is ordinarily an intentional relinquishment or abandonment of a known right or privilege." (Emphasis sic.) *Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, at ¶ 32, quoting *State v. Adams*, 43 Ohio St.3d 67, 69, 538 N.E.2d 1025 (1989). The court noted, "[t]here is nothing in the record that demonstrates that Underwood was informed that he was agreeing to be convicted of allied offenses, thereby waiving his constitutional right to be free from double jeopardy." *Id.*

{¶ 14} While acknowledging the court's holding in *Underwood*, the state urges us to find the present case distinguishable. In particular, the state notes that the defendant in *Underwood* agreed to a prison term that was within the allowable range for one of the offenses. In contrast, appellant agreed to a term that by necessity would require the two

6.

sentences to be run consecutively since he agreed to a two-year prison term when the maximum for each individual offense was only 18 months. Thus, the state concludes that "the agreed-upon sentence should be viewed as an intentional relinquishment of any right to insist upon an allied-offense analysis."

{¶ 15} We disagree. Although it could be inferred that appellant relinquished his right to argue double jeopardy, such an inference does not overcome the strong presumption against waiver, particularly where the record contains no discussion of the issue. Therefore, we find that appellant did not waive his right to argue the issue of allied offenses of similar import.

{¶ 16} Turning now to the merits of appellant's first assignment of error, appellant argues that the trial court committed plain error when it failed to conduct the merger analysis. The state, on the other hand, contends that no error occurred because the aggravated riot and aggravated assault offenses were committed by multiple acts, not by a single act with a single animus. In responding to the state's argument, appellant asserts that the state's position misses the mark. He concludes,

> [T]he State has not cited a single case where a fight among multiple actors arising from a continuous sequence of events was found not to constitute a single act committed with single state of mind. But even assuming that such a conclusion could be drawn, it is a conclusion that should have been made by the trial court at sentencing. The trial court failed to make any such inquiry. Accordingly, there is simply insufficient

7.

facts in the record to determine whether merger applies.  It was the trial court's failure to determine that the offenses were allied offenses of similar import that gives rise to this appeal.  Because the court failed to undergo the required analysis, the trial court committed plain error.

**{¶ 17}** In making his argument, appellant relies on *State v. Rogers*, 2013-Ohio-3235, 994 N.E.2d 499 (8th Dist.).  However, that decision was recently reversed by the Ohio Supreme Court.  In *State v. Rogers*, --- Ohio St.3d ---, 2015-Ohio-2459, --- N.E.3d ---, ¶ 3, the Ohio Supreme Court rejected the same argument raised by appellant that the trial court committed plain error simply by not engaging in an allied offenses analysis, holding,

An accused's failure to raise the issue of allied offenses of similar import in the trial court forfeits all but plain error, and a forfeited error is not reversible error unless it affected the outcome of the proceeding and reversal is necessary to correct a manifest miscarriage of justice.  Accordingly, *an accused has the burden* to demonstrate a reasonable probability that the convictions are for allied offenses of similar import committed with the same conduct and without a separate animus; and, absent that showing, the accused cannot demonstrate that the trial court's failure to inquire whether the convictions merge for purposes of sentencing was plain error.  (Emphasis added.).

**{¶ 18}** Here, appellant has not met his burden to show that the offenses of aggravated riot and aggravated assault were committed with the same conduct and without a separate animus. Therefore, he has not demonstrated that plain error occurred. *See id.* at ¶ 25.

**{¶ 19}** Accordingly, appellant's first assignment of error is not well-taken.

**{¶ 20}** In his second assignment of error, appellant argues that trial counsel was ineffective for not objecting to the trial court's failure to conduct a merger analysis, and for not requesting a hearing pursuant to R.C. 2941.25 to determine whether the two offenses should merge. In order to demonstrate ineffective assistance of counsel, appellant must satisfy the two-prong test developed in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). That is, appellant must show counsel's performance fell below an objective standard of reasonableness, and a reasonable probability exists that, but for counsel's error, the result of the proceedings would have been different. *Id.* at 687-688, 694. "The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Id.* at 697.

**{¶ 21}** In this case, as with his first assignment of error, appellant has failed to demonstrate that the two offenses would have merged. Thus, he has failed to satisfy the second prong requiring that a reasonable probability exists that the result of the proceedings would have been different but for counsel's error.

9.

**{¶ 22}** Accordingly, appellant's second assignment of error is not well-taken.

**{¶ 23}** For the foregoing reasons, we find that substantial justice was done the party complaining and the judgment of the Lucas County Court of Common Pleas is affirmed. Pursuant to App.R. 24, appellant is ordered to pay the costs of this appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.          _____
                                                                      JUDGE
Thomas J. Osowik, J.

                                                           _____
James D. Jensen, .J.                                        JUDGE
CONCUR.

                                                           _____
                                                                      JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.