[Cite as *State v. Black*, 2016-Ohio-383.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 102586

---

## STATE OF OHIO

### PLAINTIFF-APPELLEE

vs.

## CHARDON BLACK

### DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-13-575488-A

**BEFORE:** E.A. Gallagher, P.J., Boyle, J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** February 4, 2016

**ATTORNEY FOR APPELLANT**

Timothy F. Sweeney
Law Office of Timothy Farrell Sweeney
The 820 Building, Suite 430
820 West Superior Avenue
Cleveland, Ohio 44113-1800


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY: Jennifer L. O'Malley
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

EILEEN A. GALLAGHER, P.J.:

{¶1} Defendant-appellant Chardon Black appeals his sentences following his guilty pleas to felonious assault in violation of R.C. 2903.11(A)(1) and domestic violence in violation of R.C. 2919.25(B). He contends that he was improperly convicted of allied offenses of similar import and that his aggregate four-year, ten-month sentence was not authorized by law because it involved the imposition of consecutive sentences for two offenses that were subject to merger for sentencing. For the reasons that follow, we affirm the trial court's judgment.

**Factual and Procedural Background**

{¶2} On June 21, 2013, a Cuyahoga County Grand Jury indicted Black on four counts: one count of attempted murder in violation of R.C. 2923.02 and 2903.02(A); one count of felonious assault in violation of R.C. 2903.11(A)(1); one count of domestic violence in violation of R.C. 2919.25(B); and one count of kidnapping in violation of R.C. 2905.01(A)(3). The charges arose out of a June 12, 2013 altercation between Black and his then-girlfriend, Natasha Parish, that resulted in serious injuries to Parish.

{¶3} On May 14, 2014, the state and Black reached a plea agreement. Under the terms of the plea agreement, Black agreed to plead guilty to the felonious assault and domestic violence counts. In exchange, he was to receive an agreed aggregate prison sentence of four years and ten months on those counts and the remaining counts would be dismissed. At the plea hearing, defense counsel confirmed that this was the agreement. Prior to entering his guilty pleas, Black indicated that he understood the offenses to which he would be pleading guilty and the sentences he would receive under the agreement. Black further acknowledged that he understood that the trial court had agreed to "honor" the "agreed-upon sentence." Following a thorough plea

colloquy, the trial court accepted Black's guilty pleas to the felonious assault and domestic violence counts and the remaining counts were nolled.

{¶4} At the sentencing hearing, the trial court imposed the agreed four- year, ten-month aggregate prison sentence along with three years of mandatory postrelease control. When imposing this sentence, the trial court confirmed that the parties had agreed, as part of the plea agreement, that the felonious assault and domestic violence convictions would not merge for sentencing and that, based on the way the agreed sentence had been structured, consecutive sentences were to be imposed:

> THE COURT: * * * At this time, I'll sanction the defendant to the Lorain Correctional Institution for a total of four years and ten months.
>
> [Defense counsel], we agreed that count two and three would not merge for the purpose of sentencing, is that correct?
>
> [DEFENSE COUNSEL]: Yes, your Honor.
>
> THE COURT: Very well.
>
> Count two, the felonious assault, the defendant will serve four years; and count three, the domestic violence, a felony of the fourth degree, the defendant will serve ten months consecutively to the base count for a total of four years and ten months.
>
> To make the finding for the consecutive sentence, I find that the harm that was caused to the victim in this case, and of course the nature of the crafted sentence itself, called for a consecutive sentence; meaning that this is, for the record, an agreed sentence and the way that it was structured was that it would be consecutive, is that correct, [defense counsel]?
>
> [DEFENSE COUNSEL]: Yes, ma'am.
>
> THE COURT: [Assistant prosecutor]?
>
> [ASSISTANT PROSECUTOR]: Yes, your Honor.

**{¶5}** With respect to the imposition of consecutive sentences, the trial court further found that consecutive sentences were necessary to "protect the public" and "punish the defendant" and that the "nature of the harm caused to the victim in this case would, again call for a consecutive sentence." On June 9, 2014, the trial court issued a sentencing journal entry imposing a prison sentence of four years and ten months, indicating that "[t]his is an agreed to sentence."

**{¶6}** On February 12, 2015, Black was granted leave to file a delayed appeal. This court thereafter determined, sua sponte, that the trial court's June 9, 2014 judgment was not a final, appealable order because it set forth a "blanket agreed sentence of 4 years, 10 months" rather than separate sentences on each of the counts of which Black had been convicted. This court, therefore, remanded the case for the trial court to "clarify or correct the record pursuant to App.R. 9(E) and issue an order conforming with *State v. Dumas,* 8th Dist. [Cuyahoga] No. 95760, 2011-Ohio-2926, and *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, paragraph one of the syllabus." On October 26, 2015, the trial court issued a corrected journal entry, sentencing Black to four years on Count 2 and ten months on Court 3.[1]

**{¶7}** On November 24, 2015, Black filed an amended notice of appeal, appealing the trial court's June 9, 2014 judgment as corrected by the trial court's October 26, 2015 journal entry. Black raises two assignments of error for review:

ASSIGNMENT OF ERROR 1
Black's convictions for felonious assault and domestic violence should have been merged into a single conviction on only one of those allied offenses of similar

---

[1]In its October 26, 2015 journal entry, the trial court also indicated that "[t]his is an agreed plea and an agreed sentence," that "Defendant agreed that the counts do not merge for the purpose of this sentence" and set forth findings supporting its imposition of consecutive sentences. As it relates to the issue raised in this appeal, i.e., whether Black's felonious assault and domestic violence convictions merged for sentencing, although the trial court exceeded the scope of the remand order, the additional language the trial court included in the corrected journal entry, i.e., that "[t]his is an agreed plea and an agreed sentence" and that "[d]efendant agreed that the counts do not merge for the purpose of this sentence," simply reflects what, in fact, occurred at the sentencing hearing. Accordingly, it does not affect our resolution of this appeal.

import. The trial court's failure to merge in these circumstances violated Ohio merger law and Black's rights to due process and against being subjected to double jeopardy.

ASSIGNMENT OF ERROR 2
The sentence of four years and ten months imposed by the trial court on Black is not authorized by law because it includes consecutive sentences for two offenses subject to merger under governing law. A prison sentence of four years is the maximum permissible sentence in these circumstances.

**Law and Analysis**

{¶8} Black's assignments of error are interrelated. We will, therefore, address them together. In his first assignment of error, Black argues that the trial court erred in sentencing him for both felonious assault and domestic violence because the offenses are allied offenses of similar import. In his second assignment of error, Black argues that the trial court erred in imposing consecutive sentences for the offenses because the offenses should have been merged for sentencing. Black contends that the trial court's failure to merge these offenses and to require the state to select the offense on which to proceed to sentencing violated Ohio merger law, Black's right to due process and his "double jeopardy right against multiple punishments for the same offense." We disagree.

{¶9} The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution protects against the imposition of multiple criminal punishments for the same offense. *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 16, citing *Hudson v. United States*, 522 U.S. 93, 99, 118 S.Ct. 488, 139 L.Ed.2d 450 (1997), and *State v. Raber*, 134 Ohio St.3d 350, 2012-Ohio-5636, 982 N.E.2d 684, ¶ 24. This protection applies to Ohio citizens through the Fourteenth Amendment to the United States Constitution and is also guaranteed by Article I, Section 10 of the Ohio Constitution. *State v. Ruff*, 143 Ohio St.3d 114,

2015-Ohio-995, 34 N.E.3d 892, ¶ 10, citing *Benton v. Maryland*, 395 U.S. 784, 794, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969).

{¶10} "[W]hen multiple punishments are imposed in the same proceeding," however, "the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." *Rogers* at ¶ 16.   As the Ohio Supreme Court has recognized, "[a]bsent a more specific legislative statement, R.C. 2941.25 is the primary indication of the General Assembly's intent to prohibit or allow multiple punishments for two or more offenses resulting from the same conduct."  *State v. Washington*, 137 Ohio St.3d 427, 2013-Ohio-4982, 999 N.E.2d 661, ¶ 11, citing *State v. Childs*, 88 Ohio St.3d 558, 561, 728 N.E.2d 379 (2000).   R.C. 2941.25 provides:

> (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

> (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶11} Thus, R.C. 2941.25(A) allows only a single conviction for conduct that constitutes "allied offenses of similar import."   Under R.C. 2941.25(B), however, a defendant charged with multiple offenses may be convicted of all the offenses if any one of the following is true: (1) the conduct constitutes offenses of dissimilar import, (2) the conduct shows that the offenses were committed separately, or (3) the conduct shows that the offenses were committed with separate animus. *Ruff*, at ¶ 13, citing *State v. Moss*, 69 Ohio St.2d 515, 519, 433 N.E.2d 181 (1982).

{¶12} In *Ruff*, the Ohio Supreme Court stated that in determining whether offenses are allied offenses of similar import within the meaning of R.C. 2941.25, courts "must evaluate three

separate factors—the conduct, the animus, and the import." *Ruff* at paragraph one of the syllabus. The court further explained:

> A trial court and the reviewing court on appeal when considering whether there are allied offenses that merge into a single conviction under R.C. 2941.25(A) must first take into account the conduct of the defendant. In other words, how were the offenses committed? If any of the following is true, the offenses cannot merge and the defendant may be convicted and sentenced for multiple offenses: (1) the offenses are dissimilar in import or significance — in other words, each offense caused separate, identifiable harm, (2) the offenses were committed separately, and (3) the offenses were committed with separate animus or motivation.
>
> At its heart, the allied-offense analysis is dependent upon the facts of a case because R.C. 2941.25 focuses on the defendant's conduct. The evidence at trial or during a plea or sentencing hearing will reveal whether the offenses have similar import. When a defendant's conduct victimizes more than one person, the harm for each person is separate and distinct, and therefore, the defendant can be convicted of multiple counts. Also, a defendant's conduct that constitutes two or more offenses against a single victim can support multiple convictions if the harm that results from each offense is separate and identifiable from the harm of the other offense.

*Id.* at ¶ 24-26.

**{¶13}** In this case, the trial court imposed an agreed sentence. Where, as here, an agreed sentence is imposed pursuant to a plea agreement, a defendant may not appeal the sentence unless it is not authorized by law. *See* R.C. 2953.08(D)(1) ("A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge."); *see also State v. Heisa*, 8th Dist. Cuyahoga No. 101877, 2015-Ohio-2269, ¶ 27 ("An agreed-upon sentence may not be appealed if (1) both the defendant and the state agree to the sentence, (2) the trial court imposes the agreed sentence, and (3) the sentence is authorized by law.").

**{¶14}** Relying on the Ohio Supreme Court's decision in *State v. Underwood,* 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, Black argues that his sentences were "not authorized by law," and thus reviewable, because the two offenses to which he pled guilty were allied offenses of similar import and should have merged for sentencing pursuant to R.C. 2941.25. As such, he contends, R.C. 2953.08(D)(1) does not apply and the fact that the trial court imposed an agreed sentence as part of his plea is "irrelevant to the determination of whether his multiple convictions and sentences violate the protection against double jeopardy and Ohio merger law."

**{¶15}** In *Underwood,* the Ohio Supreme Court held that a defendant has the right to appeal a sentence, even though it was jointly recommended by the parties and imposed by the trial court, "[w]hen a sentence is imposed for multiple convictions on offenses that are allied offenses of similar import in violation of R.C. 2941.25(A)." *Underwood* at paragraph one of the syllabus. The court concluded that a sentence is "authorized by law" under R.C. 2953.08(D)(1) "only if it comports with all mandatory sentencing provisions." *Underwood* at paragraph two of the syllabus. Because the allied offense statute prohibits a trial court from "imposing individual sentences for counts that constitute allied offenses of similar import" and because this duty is "mandatory, not discretionary," the court concluded that a defendant's plea to multiple counts at sentencing did not alter the court's duty to merge allied offenses at sentencing. *Id.* at ¶ 26.

**{¶16}** In *Underwood*, the state and defendant had entered into a plea agreement with an agreed sentence, which the trial court imposed, but the agreement was silent as to whether the offenses that were the subject of the plea agreement would merge. *Id.* at ¶ 4-6. The state, however, conceded that the offenses at issue were allied offenses of similar import. *Id.* at ¶ 5, 30. The court held that based on the facts in the case, the trial court was required to merge the allied offenses under R.C. 2941.25. *Id.* at ¶ 30. However, the court also recognized that a

defendant can, in certain circumstances, relieve the trial court of its obligation to determine whether multiple offenses are allied offenses of similar import, explaining that

> nothing in this decision precludes the state and a defendant from stipulating in the plea agreement that the offenses were committed with separate animus, thus subjecting the defendant to more than one conviction and sentence.

*Id.* at ¶ 29; *see also State v. Torres,* 8th Dist. Cuyahoga No. 100106, 2014-Ohio-1622, ¶ 11 (where parties stipulated that offenses to which defendant was pleading guilty were not allied offenses, trial court was not obligated to determine whether the offenses were allied offenses). In such a case, the defendant waives the protection afforded by R.C. 2941.25, intentionally relinquishing the opportunity to argue that he or she committed the offenses with the same conduct and the same animus. *Rogers,* 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, at ¶ 20. Where, however, "the plea agreement is silent on the issue of allied offenses of similar import, * * * the trial court is obligated under R.C. 2941.25 to determine whether the offenses are allied, and if they are, to convict the defendant of only one offense." *Underwood* at ¶ 29. Although Black asks us to read *Underwood* as holding that the only way a defendant can waive a potential allied offense issue is by specifically "stipulating in the plea agreement that the offenses were committed with separate animus," in *Rogers,* the Ohio Supreme Court observed that such a stipulation is simply one means by which a defendant may "waive the protection afforded by R.C. 2941.25." *Rogers* at ¶ 20 ("It is possible for an accused to expressly waive the protection afforded by R.C. 2941.25, *such as by* 'stipulating in the plea agreement that the offenses were committed with separate animus.'") (Emphasis added.), quoting *Underwood* at ¶ 29.

{¶17} In this case, unlike in *Underwood*, the parties were not silent as to whether the offenses that were the subject of the plea agreement would merge. Although there is nothing in the record to suggest that the parties specifically "stipulat[ed] in the plea agreement that the

offenses were committed with separate animus," the transcripts from the plea and sentencing hearings not only reflect that Black knowingly, intelligently and voluntarily agreed to the sentence that was imposed by the trial court but also that he expressly agreed through defense counsel (1) that the felonious assault and domestic violence counts "would not merge for the purpose of sentencing" and (2) that consecutive sentences would be imposed for these offenses.

{¶18} This court has previously held that where the transcript demonstrates that the state and defense counsel agreed that offenses were not allied, the issue of allied offenses is waived. *See, e.g., State v. Booker,* 8th Dist. Cuyahoga No. 101886, 2015-Ohio-2515, ¶ 18-19; *State v. Adams*, 8th Dist. Cuyahoga No. 100500, 2014-Ohio-3496, ¶ 10-13; *State v. Crockett,* 8th Dist. Cuyahoga No. 100923, 2014-Ohio-4576, ¶ 4-7, 15-16; *State v. Carman*, 8th Dist. Cuyahoga No. 99463, 2013-Ohio-4910, ¶ 17-18; *State v. Ward*, 8th Dist. Cuyahoga No. 97219, 2012-Ohio-1199, ¶ 20; *see also State v. James*, 8th Dist. Cuyahoga No. 102604, 2015-Ohio-4987, ¶ 27 (where there was no plea agreement, but the state told the trial court at sentencing that it did not believe that Counts 5 and 6 merged for sentencing and defense counsel agreed, stating that "Count [sic] 5 and 6 do not merge into the first four counts * * *," defense counsel's statement was "enough to constitute a waiver of R.C. 2941.25" and to distinguish the case from *Underwood*); *but see State v. Carter,* 8th Dist. Cuyahoga No. 101810, 2015-Ohio-1834, ¶ 31 (rejecting argument that defendant could not appeal allied offense issue because the parties "agreed to a sentencing range that could only be achieved by [the defendant] being sentenced to consecutive terms on both counts"); *State v. Ewing*, 6th Dist. Lucas No. L-14-1127, 2015-Ohio-3804, ¶ 14-15 (an agreed sentence to a term that "by necessity would require * * * two sentences to be run consecutively * * * does not overcome the strong presumption against waiver, particularly where the record contains no discussion of the issue").

In this case, the transcript clearly shows that defense counsel agreed that the offenses were not allied offenses and would not merge for sentencing. Therefore, Black waived the allied offense issue.

{¶19} Even if Black's agreement that the two offenses did not merge for sentencing — as stated on the record at the sentencing hearing — was insufficient to establish a waiver of the allied offense issue under *Underwood* and *Rogers*, by failing to seek the merger of his convictions as allied offenses of similar import in the trial court, Black forfeited his allied offenses claim for appellate review based on *Rogers*. *Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, at ¶ 21.

{¶20} In *Rogers*, the Ohio Supreme Court held that where a defendant fails to seek the merger of his or her convictions as allied offenses of similar import in the trial court, he or she forfeits any allied offenses claim, except to the extent it constitutes plain error. *Rogers* at ¶ 21-25, citing *State v. Quarterman,* 140 Ohio St.3d 464, 2014-Ohio-4034, 19 N.E.3d 900, ¶ 15-16. "Crim.R. 52(B) affords appellate courts discretion to correct '[p]lain errors or defects affecting substantial rights' notwithstanding the accused's failure to meet his obligation to bring those errors to the attention of the trial court." *Rogers* at ¶ 22. The defendant "bears the burden of proof to demonstrate plain error on the record." *Id.*, citing *Quarterman* at ¶ 16. To demonstrate plain error, the defendant must show "'an error, i.e., a deviation from a legal rule' that constitutes 'an "obvious" defect in the trial proceedings'" and that the error affected a substantial right, i.e., the defendant must demonstrate a "reasonable probability" that the error resulted in prejudice, affecting the outcome of the trial. *Rogers* at ¶ 22, quoting *State v. Barnes*, 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002). "We recognize plain error 'with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.'"

*Lyndhurst v. Smith*, 8th Dist. Cuyahoga No. 101019, 2015-Ohio-2512, ¶ 32, quoting *State v. Landrum*, 53 Ohio St.3d 107, 110, 559 N.E.2d 710 (1990).

**{¶21}** In *Rogers*, the defendant was indicted on two counts of receiving stolen property — one count for a pickup truck and one count for tires and rims — and one count of possessing criminal tools, i.e., a jack, tow chain and lug-nut wrench. *Rogers* at ¶ 8. Rogers entered guilty pleas to each of the counts, and the trial sentenced him to 12 months in prison for receiving the stolen truck, six months for receiving the tires and rims and six months for possession of criminal tools, to be served consecutively. *Id.* at ¶ 10. It was unclear from the record whether the tires and rims were from the stolen pickup truck or another vehicle or how the criminal tools were related to either of the receiving stolen property offenses. *State v. Rogers*, 2013-Ohio-3235, 994 N.E.2d 499, ¶ 25 (8th Dist.). There was no discussion of allied offenses at the sentencing hearing, and Rogers did not otherwise object to the sentences imposed by the trial court. *Rogers*, 2015-Ohio-2459, at ¶ 10. On appeal, Rogers argued for the first time that his convictions should have merged for sentencing. *Id.* at ¶ 11. Applying a plain error analysis, a panel of this court initially affirmed Rogers' convictions and sentences, stating that it could not find plain error because there were insufficient facts in the record from which it could be determined whether an error had occurred. *State v. Rogers*, 2013-Ohio-1027, 990 N.E.2d 1085, ¶ 18-19 (8th Dist.). However, on en banc consideration, this court held that where it is clear from a facial review of the charges that two offenses may be allied offenses of similar import but the facts necessary to determine the conduct of the offender are missing, the trial court has "a duty to inquire and determine under R.C. 2941.25 whether those offenses should merge" for sentencing and that a defendant's failure to raise an allied offense of similar import issue in the trial court is not a bar to appellate review of the issue. *Rogers*, 2013-Ohio-3235, at ¶ 63.

**{¶22}** The Ohio Supreme Court reversed this court and reinstated the sentences imposed by the trial court. *Rogers*, 2015-Ohio-2459, at ¶ 3, 6. The court held that unless a defendant shows, based on the facts in the record, a reasonable probability that his convictions are for allied offenses of similar import committed by the same conduct and without a separate animus, he cannot demonstrate that the trial court's failure to inquire whether the convictions merged for sentencing was plain error. *Id.* at ¶ 29. Because Rogers had not met his burden, there was no plain error. *Id.* As the court explained:

> An accused's failure to raise the issue of allied offenses of similar import in the trial court forfeits all but plain error, and a forfeited error is not reversible error unless it affected the outcome of the proceeding and reversal is necessary to correct a manifest miscarriage of justice. Accordingly, an accused has the burden to demonstrate a reasonable probability that the convictions are for allied offenses of similar import committed with the same conduct and without a separate animus; and, absent that showing, the accused cannot demonstrate that the trial court's failure to inquire whether the convictions merge for purposes of sentencing was plain error.
>
> * * *
>
> There may be instances when a court's failure to merge allied offenses can constitute plain error, but this case does not present one of those instances. Rogers failed to demonstrate any probability that he has, in fact, been convicted of allied offenses of similar import committed with the same conduct and with the same animus, and he therefore failed to show any prejudicial effect on the outcome of the proceeding.
>
> It is entirely reasonable for a court to infer in this case that Rogers received or retained the stolen truck and then removed the tires and rims in order to dispose of them, thereby committing separate and distinct acts resulting in two separate and distinct counts of [receiving stolen property ("RSP")], one for receiving or retaining the truck and the other for disposing of the tires and rims. The elements of [possession of criminal tools ("PCT")] (R.C. 2923.24) are distinct from the elements of RSP (R.C. 2913.51), and thus, that offense was not committed by the same act and is not an allied offense of the RSP counts. Tellingly, Rogers has not argued that he committed these offenses together and with the same animus, and the trial court therefore reasonably sentenced him on each of these separate convictions.

*Id.* at ¶ 3, 25-26.  Following a careful review of the record, we find that Black, like the

defendant in *Rogers*, has failed to demonstrate a reasonable probability that his convictions

constituted allied offenses of similar import.    Accordingly, there was no plain error in the trial

court's failure to merge his convictions for sentencing.

{¶23} Although Black asserts that the felonious assault and domestic violence offenses at

issue "arose out of a single encounter" "as part of one course of conduct performed with a single

state of mind" and that his convictions were for "the same conduct, on the same day, at the same

time, * * * resulting in the same injuries," he points to nothing in the record that demonstrates a

reasonable probability that this was, in fact, the case.[2]   With respect to the facts giving rise to

---

[2]In support of his argument that the felonious assault and domestic violence offenses were allied offenses of similar import, Black notes that the trial judge had indicated during a pretrial conference on January 14, 2014 — four months before any plea agreement was reached — that she believed any convictions on the felonious assault and domestic violence counts would merge for sentencing:

> [THE COURT:] It's my understanding that your file is marked to Count 1 [attempted murder], and I indicated to [defense counsel] that if you were considering a plea on this particular count that I would consider a range of sentence for you of seven, eight, or nine years in the penitentiary.

> Now, [defense counsel] indicated that he was considering requesting a different mark on the file, a felony of the second degree, the felonious assault.  However, that has not been done as of yet.  If you were to get a mark of a felony of the second degree, I would consider six, seven, or eight years in the penitentiary on your behalf.  So I wanted to memorialize that for you for the record.

> Now, we have trial starting on Wednesday, so I want [you to] think about all of your options here.  In addition to that, there are several counts here which — and I was just thinking about the possibilities.  All right?  It would be the Court's position that if you were convicted of the felonious assault and the domestic violence, that those two counts would merge for the purposes of sentencing.  Do you know what that means?

> THE DEFENDANT: No.

> THE COURT: Okay.  So when you face those potential ranges of sentence, I can sentence you concurrently, meaning that I can run all the time together, or I could sentence you consecutively. Sometimes in the law counts merge together, meaning that they're one continuous course of conduct or they become one course of action.

> So it would be my perspective that the felonious assault and the domestic violence count would merge for the purposes of sentencing, meaning that I couldn't give you separate time for each of those counts, that I would have to run that time together.

Black's felonious assault and domestic violence convictions, the "offense summary"[3] contained in the presentence investigation report (the "PSI") reflects that at approximately 4:00 a.m. on June 12, 2013, Cleveland police responded to a call regarding a domestic dispute between Parish and Black at Parish's residence. Parish refused to make a police report and Black left the home without incident. Shortly before 6:00 a.m., police returned to the scene, responding to a report that Black had returned to the residence and assaulted Parish. According to the PSI, Parish provided the following account to police:

> After the defendant left earlier she [Parish] went upstairs and went to sleep. She was woke up by the defendant hitting her and saying "you thought you could block me out." He continued to punch and hit her in the head until she tried to escape through the window and threw her off the roof.

{¶24} Parish's mother, Reatha Leverette, who witnessed part of the incident, also gave a statement to police:

> She [Leverette] stated that she was aware of the previous incident with the defendant and victim. She was trying to call the victim multiple times but was not getting an answer. After a few calls she decided to go to the victim's home and check on her. As she was walking to the front door Reatha stated she heard the victim yelling help. * * * She walked to the sidewalk and was able to see the victim in the upstairs window. The victim climbed out [the] window onto the roof trying to escape from the house. At this point the defendant crawled out the same window and grabbed the victim. The defendant then yelled to Reatha, "You want her, have her." The defendant then threw her off the roof and onto the walkway below. * * *

---

There is nothing in the record to indicate what information the trial judge had regarding the facts giving rise to the offenses at issue at the time she made these statements. The trial judge's remark that she, at that time, believed the felonious assault and domestic violence counts to be allied offenses subject to merger for sentencing does not preclude a conclusion, based on the record now before us, that the felonious assault and domestic violence offenses were not allied offenses of similar import. Indeed, when the trial judge accepted Black's plea and imposed the sentence that had been agreed to as part of the plea agreement, she imposed a sentence that was significantly less than the "six, seven, or eight years" she had previously indicated she would consider if the file was marked to felonious assault and Black was to plead guilty to felonious assault and domestic violence.

[3]The PSI indicates that the information contained in the summary was "gathered from reports of the Cleveland Police Department."

**{¶25}** The victim also briefly described the incident and her resulting injuries when addressing Black at the sentencing hearing:

> That night, all you had to do was walk away and be gone forever, but for some reason you turned heartless, you beat me half to death like I was a man, a stranger or an enemy.

> You don't hurt people you love. You have two sons yourself and not once did you think of them, nor did you think of my children when you threw me from the second story and broke my back in three different places, my left pelvis, wrist, and my right eye socket was fractured.

**{¶26}** The only other information in the record regarding the events giving rise to Black's convictions are found in a November 5, 2013 psychosocial assessment and a November 27, 2013 "sanity evaluation" prepared by the court's psychiatric clinic. Both documents contain summaries of Black's account of the events that occurred on June 12, 2013.[4] The evaluation also includes a summary of the "police account of the June 11, 2013 [sic] events" that is substantially similar to the "offense summary" contained in the PSI.

**{¶27}** This is not a case in which the offenses at issue were committed simultaneously, by a single course of conduct, resulting in the same harm. The record reflects that Black's felonious assault and domestic violence convictions were based on separate and distinct acts that resulted in separate, identifiable injuries. The fact that these offenses occurred close in time and proximity does not mean they did not involve separate conduct for purposes of an allied offense analysis. *See, e.g., State v. Ferrell*, 8th Dist. Cuyahoga No. 100659, 2014-Ohio-4377, ¶ 33 (convictions for rape and gross sexual imposition did not merge as allied offenses where, even

---

[4]There are a number of differences between Black's accounts of the events as stated in the assessment and evaluation. However, according to both accounts, Black claimed that after their initial domestic dispute that morning, Parish allowed him to come back into the house and that they began arguing. He stated that Parish was hitting him, retrieved a gun from her bedroom and was threatening him. Black claimed that, in an attempt to defend himself, he hit her back. According to Black, he wrestled the gun away from Parish, then went downstairs. When he came back upstairs, he saw Parish standing outside on the roof. He denied pushing her and claimed that Parish

though "offenses all occurred close in time to one another, each offense involved different conduct"); *State v. Webb*, 8th Dist. Cuyahoga No. 98628, 2013-Ohio-699, ¶ 10-12 (offenses that did not occur simultaneously and were based on separate conduct did not merge); *State v. Harmon*, 9th Dist. Summit No. 26502, 2013-Ohio-1769, ¶ 29 (trial court did not err in finding that domestic violence was committed separately from felonious assault where defendant first hit victim, calmed down, then stabbed the victim with a wooden stick causing her to bleed, ordered the victim to take a shower to clean off the blood, burned the victim in the face with a cigarette while she was in the shower, engaged in a series of events giving rise to charges for arson and rape and finally strangled the victim); *State v. Patterson*, 8th Dist. Cuyahoga No. 98127, 2012-Ohio-5511, ¶ 35-36 (domestic violence and felonious assault offenses were not allied offenses subject to merger when defendant committed the act of domestic violence by striking victim in the face with his fist and felonious assault convictions were based on defendant's subsequent act of attacking victim and a second victim with knives); *State v. Warren*, 8th Dist. Cuyahoga No. 101469, 2015-Ohio-604, ¶ 12-17 (domestic violence and felonious assault offenses were not allied offenses of similar import where facts established that defendant beat victim with a metal pipe numerous times, in separate rooms, over a 45-minute period).

{¶28} When Black and Parish were inside the house in Parish's bedroom, Black hit Parish and punched her in the head, committing the first offense. There was then a break in the violence as Parish escaped from Black's beating and climbed out a second story window onto the roof. Once Black discovered that Parish had escaped out the window, he followed her, regained control over her, and then committed the second offense, pushing Parish off the roof. As a result of Black's actions, Parish's back, left pelvis, wrist and right eye socket were fractured.

---

fell off the roof.

Although there is nothing in the record that indicates specifically what injuries resulted from what conduct, the PSI reflects that "[t]hroughout the bedroom and hall leading to the bedroom there was blood stains and the entire area was upset," strongly suggesting that Parish had sustained substantial, separate and distinct injuries — likely including the broken eye socket — before Black pushed her off the roof. Furthermore, Parish's broken back and pelvis could have only resulted from Parish being pushed off the roof, not from Black hitting her in the head.

{¶29} The trial court, therefore, did not commit plain error in failing to merge Black's felonious assault and domestic violence convictions for sentencing and properly sentenced Black on each of these convictions.

{¶30} Because Black waived or forfeited the issue of whether his felonious assault and domestic violence convictions were allied offenses of similar import, his further argument that the trial court erred in imposing consecutive sentences on these offenses because they were allied offenses of similar import is likewise meritless. *See State v. Yonkings*, 8th Dist. Cuyahoga No. 98632, 2013-Ohio-1890, ¶ 4-6, 12 (rejecting defendant's argument that he should not have received consecutive sentences on involuntary manslaughter and aggravated robbery convictions because they were allied offenses where defendant agreed that offenses were not allied offenses, agreed that the facts and circumstances in the case justified the imposition of consecutive sentences, and agreed to a sentence of 30 years in prison as part of plea agreement). In this case, the transcript from the sentencing hearing clearly shows that the state and defense counsel specifically agreed, as part of the plea agreement, that the trial court would impose consecutive sentences.

{¶31} Black's assignments of error are overruled.

{¶32} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, PRESIDING JUDGE

MARY J. BOYLE, J., and
FRANK D. CELEBREZZE, JR., J., CONCUR