[Cite as *State v. Smith*, 2013-Ohio-5827.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2013-L-020** |
| MITCHELL S. SMITH, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Lake County Court of Common Pleas, Case No. 12 CR 00372.

Judgment: Affirmed.

*Charles E. Coulson,* Lake County Prosecutor, and *Karen A. Sheppert,* Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Ron M. Graham,* 6988 Spinach Drive, Mentor, OH 44060 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Mitchell S. Smith, appeals from the judgment of the Lake County Court of Common Pleas, committing appellant to a facility operated by the Ohio Department of Mental Retardation and Developmental Disabilities for life, pursuant to R.C. 2945.401. At issue is whether the trial court erred in admitting evidence of appellant's inculpatory statement to police and whether a seven-year-old eye witness

was competent to testify at the civil commitment hearing. For the reasons that follow, we affirm.

{¶2} Appellant was indicted on the following counts: (1) rape, a felony of the first degree, in violation of R.C. 2907.02(A)(1)(b); (2) kidnapping, a felony of the first degree, in violation of R.C. 2905.01(A)(4), with a specification that the offense was committed with a sexual motivation, in violation of R.C. 2941.147; (3) gross sexual imposition, a felony of the third degree, in violation of R.C. 2907.05(A)(4); (4) gross sexual imposition, a felony of the third degree, in violation of R.C. 2907.05(B); and (5) kidnapping, a felony of the second degree, in violation of R.C. 2905.01(A)(4), with a specification that the offense was committed with a sexual motivation, in violation of R.C. 2941.147.

{¶3} Prior to arraignment, appellant filed a motion for competency evaluation, pursuant to R.C. 2945.371, which the court granted. The court later ordered a separate mental retardation evaluation, pursuant to R.C. 2945.371(H). The state subsequently filed a motion to retain jurisdiction, pursuant to R.C. 2945.39(A)(2), which appellant opposed. Appellant further filed a motion to suppress evidence relating to appellant's interview with police.

{¶4} Based upon the results of the foregoing evaluations, the trial court found, by a preponderance of the evidence, appellant was incompetent to stand trial. The court further found that, based upon appellant's level of mental retardation, there was not a substantial probability that he would become competent to stand trial within one year. The court held the state's motion to retain jurisdiction in abeyance pending the resolution of appellant's motions to dismiss and suppress.

2

**{¶5}** After considering appellant's motions, the court denied appellant's motion to dismiss the state's motion to retain jurisdiction. The court concluded, pursuant to the Ohio Supreme Court's decision in *State v. Williams*, 126 Ohio St.3d 65, 2010-Ohio-2453, that R.C. 2945.39 neither violates his constitutional right to a jury trial nor violates his right to be free from cruel and unusual punishment. The court reasoned that because R.C. 2945.39 is civil in nature, a person committed under its procedures is not entitled to the same constitutional protections as a defendant in a criminal prosecution. The court further determined that, given the nature of the civil commitment proceedings, it was unnecessary to consider the constitutional arguments set forth in appellant's motion to suppress.

**{¶6}** An evidentiary hearing was subsequently held on the state's motion to retain jurisdiction. At the commencement of the proceedings, defense counsel orally converted his motion to suppress into a motion in limine. In so doing, appellant requested the court, based upon the finding of incompetence, not to permit appellant's inculpatory statement to police. Appellant also requested the seven-year-old eye witness be declared incompetent to testify. The court overruled each request.

**{¶7}** After considering the evidence, the trial court found, by clear and convincing evidence, that appellant committed the underlying offenses and that he was a mentally retarded person subject to institutionalization by court order pursuant to R.C. 2945.39. Appellant was therefore committed to a facility operated by the Ohio Department of Mental Retardation and Developmental Disabilities for life, pursuant to R.C. 2945.401. This appeal followed.

**{¶8}** Appellant's first assignment of error provides:

{¶9} "The trial court erred by admitting appellant's statement into evidence since he was found incompetent to stand trial."

{¶10} R.C. 2945.31(A)(2) provides:

{¶11} (A) If a defendant who is charged with an offense described in division (C)(1) of section 2945.38 of the Revised Code is found incompetent to stand trial, after the expiration of the maximum time for treatment as specified in division (C) of that section or after the court finds that there is not a substantial probability that the defendant will become competent to stand trial even if the defendant is provided with a course of treatment, one of the following applies:

{¶12} * * *

{¶13} (2) On the motion of the prosecutor or on its own motion, the court may retain jurisdiction over the defendant if, at a hearing, the court finds both of the following by clear and convincing evidence:

{¶14} (a) The defendant committed the offense with which the defendant is charged.

{¶15} (b) The defendant is a mentally ill person subject to hospitalization by court order or a mentally retarded person subject to institutionalization by court order.

{¶16} To retain jurisdiction under R.C. 2945.39, the trial court was required to find, by clear and convincing evidence, both that a defendant committed the charged offense and he is a mentally retarded person subject to institutionalization by court

4

order. The trial court, in entering the requisite findings, considered, inter alia, the statements appellant made to police. Appellant argues the trial court erred in admitting appellant's statements because he had been deemed incompetent to stand trial. We do not agree.

{¶17} Appellant cites no authority for his position that statements made to police, by a person later deemed incompetent to stand trial, are inadmissible for purposes of an involuntary civil commitment hearing. R.C. 2945.39(B) provides:

{¶18} (B) In making its determination under division (A)(2) of this section as to whether to retain jurisdiction over the defendant, the court may consider *all relevant evidence*, including, but not limited to, any relevant psychiatric, psychological, or medical testimony or reports, the acts constituting the offense charged, and any history of the defendant that is relevant to the defendant's ability to conform to the law. (Emphasis added.)

{¶19} This subsection specifically gives a trial court the discretion to consider all relevant evidence.[1] In his statement, appellant admitted he masturbated and performed fellatio on the victim. It is beyond cavil that this statement was relevant to R.C. 2945.39(A)(2)(a) because it provided factual details demonstrating appellant committed the charged offenses. Appellant's argument, in this regard, lacks merit.

---

1. It is worth noting that, in *Williams*, *supra*, the Supreme Court of Ohio declared the statute constitutional. The court determined the statute is civil and remedial in nature. *Id.* at ¶36-37. And, because it is a civil statute, a person committed under its provisions need not be afforded the constitutional rights to which a defendant in a criminal prosecution is entitled. *Id.* at paragraph two of the syllabus. In particular, the court determined the procedures set forth under R.C. 2945.39 do not violate an individual's rights to due process or equal protection.

**{¶20}** Appellant also seems to argue the statements were inadmissible because they were obtained through a potential violation of *Miranda v. Arizona*, 384 U.S. 436 (1966). In particular, psychologist Dr. Jeff Rindsberg testified he did not believe appellant understood what he was doing when he waived his rights after being advised pursuant to *Miranda*. From this, as well as other testimony relating to his low intelligence, appellant contends he was "incompetent to give any statement and any statement could not be used in an evidentiary hearing." Appellant maintains, therefore, his statements should have been excluded. Again, we do not agree.

**{¶21}** Appellant was deemed incompetent to stand trial; in effect, this means evidence was presented to show he was either unable to understand the proceedings or assist in his defense. *See e.g. State v. Wise*, 11th Dist. Trumbull No. 2012-T-0028, 2012-Ohio-4896, ¶21. Simply because appellant was found incompetent to stand trial, however, does not imply he was "incompetent" to give a truthful rendition of the incident which led to the criminal charges. Detective Petro testified appellant capably responded to the questions she posed to him. According to the detective, appellant was able to recount the entirety of the incident and provide clear, specific details of his actions.

**{¶22}** Moreover, Dr. Rinsberg testified he did not believe appellant had the capacity to knowingly and intelligently waive his constitutional *Miranda* rights; during the hearing, the doctor clarified that this did not imply appellant was incapable of rendering a truthful and voluntary statement to the police. Given the foregoing, there was an adequate foundation for the court to conclude appellant was sufficiently coherent during the interview such that his rendition of the incident could assist in the R.C. 2945.39(A)(2)(a) inquiry.

{¶23} Furthermore, even assuming appellant did not knowingly, intelligently, and voluntarily waive his rights under *Miranda*, the admissibility of the statement is not dependent upon the constitutionality of the waiver. Unlike a typical criminal prosecution, this case proceeded pursuant to R.C. 2945.39, which involves a civil proceeding. The privilege against self-incrimination, and thus the *Miranda* doctrine, concerns the use of compelled statements in criminal prosecution. Courts have noted that the principle proscribing the use of out-of-court statements in violation of *Miranda* is inapplicable to civil proceedings. *See Baxter v. Palmigiano*, 425 U.S. 308, 315 (1976) ("[t]he Court has never held, and we decline to do so now, that the requirements of *[Miranda]* must be met to render pretrial statements admissible in other than criminal cases."); *In re Kuhn*, 4th Dist. Athens No. 1279, 1986 Ohio App. LEXIS 6173, *18-19 (Mar.7, 1986); *Copley Twp. Trustees v. 10,600 in United States Currency*, 9th Dist. Summit No. 18985, 1998 Ohio App. LEXIS 6425, *9 (Dec. 30, 1998); *see also Williams*, *supra*, paragraph two of the syllabus ("[b]ecause R.C. 2945.39 is civil in nature, a person committed under the statute need not be afforded the constitutional rights afforded to a defendant in a criminal prosecution.") Therefore, even if appellant did not execute a valid waiver, his statement was relevant and therefore admissible pursuant to R.C. 2945.39.

{¶24} Pursuant to the foregoing, we hold appellant's inability to understand the nuances of the criminal proceedings against him or his arguable inability to enter a valid *Miranda* waiver do not render his statement to police inadmissible for purposes of R.C. 2945.39. The statement was relevant and the trial court did not abuse its discretion in considering the same.

{¶25} Appellant's first assignment of error lacks merit.

7

**{¶26}** Appellant's second assignment of error asserts:

**{¶27}** "The trial court [erred] by finding the child witness competent to testify."

**{¶28}** Under this assignment of error, appellant argues a seven-year-old eye-witness, M.P., was not competent to testify and, as a result, the trial court erred in admitting the child's testimony. We do not agree.

**{¶29}** Evid.R. 601 sets forth general rules of competency. Subsection (A) provides:

**{¶30}** "Every person is competent to be a witness except:

**{¶31}** "(A) Those of unsound mind, and children under ten years of age, who appear incapable of receiving just impressions of the facts and transactions respecting which they are examined, or of relating them truly."

**{¶32}** The state, as the proponent of the child, shouldered the burden of demonstrating M.P.'s competence to testify. *State v. Clark*, 71 Ohio St.3d 466, 469 (1994). And the trial court conducted a proper hearing to determine the child's competency to testify. *See State v. Frazier*, 61 Ohio St.3d 247, 250-251 (1991). In considering whether a child under the age of 10 is competent to testify, a court must analyze the following factors: "the child's ability to receive accurate impressions of fact, the child's ability to recollect those impressions, the child's ability to communicate what is observed, the child's understanding of truth and falsity, and the child's appreciation of his or her responsibility to tell the truth." *Clark*, *supra,* at 469, citing *Frazier*, *supra.*

**{¶33}** Once the court concludes that the threshold requirements have been satisfied, a witness under the age of ten will be deemed competent to testify. *Clark*, *supra.*

8

{¶34} Appellant contends the trial court erred in permitting M.P. to testify because, during the course of the competency hearing, the child was unable to answer certain autobiographical questions. Appellant further underscores that M.P. was unable to explain the importance of telling the truth and did not know "what happens if you lie." In support, appellant cites this court's opinion in *State v. Jett*, 11th Dist. Portage No. 97-P-0023, 1998 Ohio App. LEXIS 1451(Mar. 31, 1998).

{¶35} In *Jett*, this court reversed the trial court's decision that a five-year-old sex abuse victim was competent to testify. This court observed the child only responded "yes" or "no" to the trial court's leading questions during the competency hearing and the child gave no personal narrative about the incident. This court determined that, with the "yes" and "no" inquiries, the child had a fifty percent chance of being correct simply by guessing. This court also emphasized that the child could not "articulate clearly the distinction between telling a lie and telling the truth." And, during the trial, this court pointed out the child was completely incorrect about independently verifiable circumstances relating to the abuse. Hence, this court concluded the trial court abused its discretion in finding the child competent to testify.

{¶36} This matter is different from *Jett*. M.P. was able to distinguish between the truth and a lie without the assistance of leading questions. When asked "do you know what it means to tell the truth?" M.P. responded "It means you tell the real thing, don't lie." Although he stated he did not know *what happens* when one lies, he specifically explained lying means "You don't tell the truth." Furthermore, the trial court and the prosecutor tested M.P.'s understanding of the difference between a true statement and a false statement by asking him empirically verifiable questions. For

9

each question, M.P. was able to identify whether the court or prosecutor was making an inaccurate or false statement and explain why. Moreover, M.P.'s testimony was substantially consistent with the statement he provided to police and the rendition of events he related to his mother. The concerns this court identified in *Jett*, therefore, are not present in this case.

{¶37} A review of the hearing demonstrates M.P. was able to receive and discuss accurate, factual impressions and assure the court he remembered the incident and the individuals involved. As emphasized above, M.P. had a demonstrable appreciation for the distinction between truth and falsity. And, although he initially told the court he did not know what happens if one lies, he later, without prompting, explained that "you get in trouble" if you lie. And, finally, during his testimony, M.P. was able to provide clear and articulate responses to the questions posed to him regarding the incident that were almost entirely consistent with past statements. The fact that M.P. was unable to answer certain autobiographical questions, such as his birth date, or identify geographical facts, such as the town in which he lives, does not bear upon the *Frazier* inquiry. A child's inability to remember a specific date or identify his home town or the street on which he lives does not undermine his competence to testify to events he witnessed; this is particularly true where, as here, the child has demonstrated the ability to understand the concepts of truth and falsity as well as the import of telling the truth. In the totality, therefore, we conclude the court did not abuse its discretion in finding M.P. competent to testify pursuant to *Frazier*.

{¶38} Appellant's second assignment of error lacks merit.

10

{¶39} For the reasons discussed in this opinion, the judgment of the Lake County Court of Common Pleas is affirmed.

DIANE V. GRENDELL, J.,

THOMAS R. WRIGHT, J.,

concur.