[Cite as *State v. Allen*, 2016-Ohio-5258.]

# IN THE COURT OF APPEALS

# FIRST APPELLATE DISTRICT OF OHIO

# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-150769 |
| | | TRIAL NO. B-1500828-A |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| SHAWN ALLEN, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: August 5, 2016

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Paula E. Adams*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*The Law Office of Wendy R. Calaway, Co., LPA,* and *Wendy R. Calaway*, for Defendant-Appellant.

**SYLVIA S. HENDON, Presiding Judge.**

{¶1}   Defendant-appellant Shawn Allen has appealed from the trial court's entry convicting him, following guilty pleas, of involuntary manslaughter and aggravated robbery and sentencing him to 18 years' imprisonment. He challenges both the trial court's acceptance of his guilty pleas and the sentences imposed. Because Allen entered his guilty pleas knowingly, intelligently, and voluntarily, and because no error occurred in the imposition of sentence, we affirm the trial court's judgment.

### *Factual Background*

{¶2}   Allen was indicted on two counts, murder pursuant to R.C. 2903.02(B), and aggravated robbery pursuant to R.C. 2911.01(A)(1). Both charges carried accompanying weapon specifications.   The victim of both offenses was Gerald Hummer.

{¶3}   The state and Allen reached a plea agreement wherein Allen pled guilty to an amended Count 1 of involuntary manslaughter and to aggravated robbery in Count 2. At the plea hearing, the prosecutor read the following facts in support of the charges:

> Judge, in this case, in Count 1, Shawn Allen, on or about the 7th day of
> February, 2015, Hamilton County, State of Ohio, did cause another's
> death, that being Gerald Hummer, II, as a proximate result of
> committing or attempting to commit a felony. In this case, Judge, that
> would have been trafficking in drugs, Judge, in this case, cocaine, a
> Schedule II prohibited substance in violation of Section 2903.04,

Judge, and at the time, the defendant did have on or about his person a firearm while committing the underlying offense, did display, brandished the firearm, indicated he possessed the firearm used to facilitate the offense therein in Count 1, Judge.

Separate and distinct from that Count 1, Judge, the defendant is also pleading guilty to aggravated robbery. That would be that Shawn Allen, on or about the 7th day of February 2015, Hamilton County, State of Ohio, in committing or attempting to commit a theft offense as defined in the Ohio Revised Code, knowingly obtained or attempted to obtain United States currency and/or personal property belonging to Gerald Hummer, II, and in fleeing immediately thereafter, knowing he had a deadly weapon on or about his person, under his control, displayed, brandished indicated possession or used a deadly weapon; in this case, a firearm, Judge. Gun specifications 1 and 2 to Count 2 are dismissed pursuant to plea agreement.

Again, Judge, the State believes that Count[s] 1 and 2 are separate and distinct with a separate animus [and] import in both matters.

{¶4} Counsel for Allen was given an opportunity to respond to the prosecutor's statement of the facts, and he responded that "We would agree that based on the facts as read, they are not allied offenses. We would only note for the record, we accept the facts insofar as they constitute the offense to which we have tendered a plea of guilty." Allen then personally conceded on the record that the facts as read were fair and accurate.

{¶5}   The trial court accepted Allen's guilty pleas and continued the matter for sentencing.  Prior to imposing sentence, the trial court stated on the record that "I want to make it clear that there was an indication that there was a separate animus regarding the involuntary manslaughter and the aggravated robbery.  So I'm considering Counts 1 and 2 not to be allied offenses."  The court then sentenced Allen to 11 years' imprisonment for the offense of involuntary manslaughter, along with a consecutive three years' imprisonment for the accompanying weapon specification. It imposed a sentence of four years' imprisonment for the offense of aggravated robbery. These sentences were made consecutive, resulting in an aggregate sentence of 18 years' imprisonment.

### Allied Offenses

{¶6}   In his first assignment of error, Allen argues that the trial court erred by imposing multiple sentences for the offenses of involuntary manslaughter and aggravated robbery because they were allied offenses of similar import.

{¶7}   Pursuant to R.C. 2941.25, Ohio's multiple-count statute, where the defendant's conduct constitutes two or more allied offenses of similar import, the defendant may only be convicted of one offense.  *See* R.C. 2941.25(A).  To determine whether offenses are allied, courts must consider the defendant's conduct, animus, and import.  *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, paragraph one of the syllabus.  A defendant may be separately convicted of multiple offenses if the offenses were either of dissimilar import, were committed separately, or were committed with a separate animus.  *Id.*, at paragraph three of the syllabus; R.C. 2941.25(B).

{¶8}   Allen failed to raise an allied-offense argument before the trial court and did not request that the offenses of involuntary manslaughter and aggravated robbery be merged at sentencing.  In fact, he specifically conceded during his plea hearing that the offenses were not allied.  Consequently, the state contends that Allen has waived his allied-offense argument.  In *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, the Ohio Supreme Court recently explained under what circumstances an allied-offense argument is waived, as well as clarified the difference between the waiver and the forfeiture of an allied-offense argument.

{¶9}   The *Rogers* court explained that waiver is the "intentional relinquishment or abandonment of a known right."  (Internal citations omitted.)  *Id.* at ¶ 20.  It acknowledged that it is possible for a defendant to waive an allied-offense argument, but that waiver occurs only when the defendant intends or knowingly relinquishes that right, such as by stipulating in a plea agreement that the offenses were not allied or were committed separately.  *Id.*   The *Rogers* court further explained that forfeiture, in contrast to waiver, "is the failure to timely assert a right or object to an error."  *Id.* at ¶ 21.  Accordingly, by failing to seek the merger of alleged allied offenses before the trial court, a defendant forfeits, rather than waives, the right to assert an allied-offense argument on appeal.  *Id.*

{¶10}  Here, Allen conceded at the plea hearing that the offenses were not allied.  Under these circumstances, we recognize that a strong argument exists that he did, in fact, waive the right to assert an allied-offense argument.  But because Allen's concession was not actually included in a plea agreement between the parties, we find that he has forfeited, rather than waived, his right to assert an allied-offense

argument. *See State v. Black*, 8th Dist. Cuyahoga No. 102586, 2016-Ohio-383, ¶ 17-19.

{¶11} Because Allen forfeited his right to assert an allied-offense argument, we review solely for plain error. *Rogers* at ¶ 22. Plain error is that which affects the outcome of the proceedings. *Id.*, citing *State v. Barnes*, 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002). It should only be found under exceptional circumstances and to prevent a manifest miscarriage of justice. (Internal citations omitted.) *Id.* at ¶ 23. Following our review of the record, we find that Allen has failed to establish that plain error resulted from the trial court's failure to merge the offenses of involuntary manslaughter and aggravated robbery.

{¶12} We hold that the trial court did not err by imposing multiple sentences for allied offenses, and we overrule Allen's first assignment of error.

### *Consecutive Sentences*

{¶13} In his second assignment of error, Allen argues that the trial court erred by imposing consecutive sentences.

{¶14} Pursuant to R.C. 2953.08(G)(2), we may only vacate or modify a defendant's sentence if we clearly and convincingly find either that the record does not support any mandatory sentencing findings or that the sentence is contrary to law. *See State v. White*, 997 N.E.2d 629, 2013-Ohio-4225, ¶ 11 (1st Dist.). Here, the trial court made all the necessary findings under R.C. 2929.14(C)(4) prior to imposing consecutive sentences, and those findings were supported by the record. And Allen's sentences were not otherwise contrary to law.

{¶15} The trial court did not err by imposing consecutive sentences. Allen's second assignment of error is overruled.

### *Allen's Plea was Voluntary*

{¶16} In his third assignment of error, Allen contends that his guilty plea to the offense of involuntary manslaughter was not entered knowingly, intelligently, and voluntarily because it was not supported by sufficient evidence. Specifically, he alleges that there was no factual basis to support the assertion that he had caused the death of another while engaged in drug trafficking.

{¶17} A guilty plea is a complete admission of the defendant's guilt that removes any issues of factual guilt from the case. *See State v. Derkson*, 1st Dist. Hamilton No. C-130844, 2014-Ohio-3831, ¶ 10; *State v. Wilson*, 58 Ohio St.2d 52, 388 N.E.2d 745 (1979), paragraph one of the syllabus. Because Allen pled guilty to involuntary manslaughter, he cannot challenge the sufficiency of the evidence supporting that conviction.

{¶18} The trial court engaged in a thorough Crim.R. 11(C) colloquy prior to accepting Allen's guilty plea. We hold that Allen entered his plea to involuntary manslaughter knowingly, intelligently, and voluntarily.

{¶19} Allen's third assignment of error is overruled, and the judgment of the trial court is affirmed.

Judgment affirmed.

**MOCK** and **STAUTBERG, JJ.,** concur.

Please note:
　　The court has recorded its own entry on the date of the release of this opinion.