[Cite as *State v. Jones*, 2017-Ohio-5517.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-160735 |
| | | TRIAL NO. B-1306896 |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| | | |
| MATTHEW JONES, | : | |
| | | |
| Defendant-Appellant. | : | |


Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal: June 28, 2017


*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Scott M. Heenan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*John Rutan*, for Defendant-Appellant.

**MOCK, Presiding Judge.**

{¶1}    Defendant-appellant Matthew Jones appeals the decision of the Hamilton County Court of Common Pleas finding him to be a mentally ill person subject to hospitalization and retaining jurisdiction over him.  We find no merit in his three assignments of error, and we affirm the trial court's judgment.

{¶2}    Jones was originally indicted on three counts of rape under R.C. 2907.02(A)(1)(b) and one count of attempted rape under R.C. 2923.02(A) and 2907.02(A)(1)(b).  He was found incompetent to stand trial.

{¶3}    On January 20, 2014, the trial court held a hearing under former R.C. 2945.39(A) (effective until September 16, 2104), to determine whether Jones was still incompetent to stand trial, whether he could be restored to competency, and whether it should retain jurisdiction over him.  The parties stipulated to medical reports showing that Jones was not competent to stand trial and that there was not a substantial probability that he would become competent.  Therefore, the only issue remaining was whether clear and convincing evidence existed that Jones had committed the charged offenses.  *See* former R.C. 2945.39(A)(2)(a).

{¶4}    The state presented the testimony of Sergeant Brian Delk of the Village of Cleves Police Department.  He was a school resource officer at Three Rivers Educational Complex.  On the day in question, he was called to the office by a teacher "in reference to a juvenile male [who] went to a teacher in a cafeteria and stated that he was sexually assaulted by an adult."  Sergeant Delk then spoke to the juvenile and his mother.

{¶5}    The juvenile, who was autistic, told Sergeant Delk that he had been in the woods hunting, and Jones had invited him to jump on a trampoline.  Because it

was cold outside, Jones had invited the juvenile into his house to play a video game. As they were playing, Jones unbuttoned the juvenile's pants, unzipped the zipper, and touched the juvenile's penis with his hand and his mouth.

{¶6}     The juvenile told Jones to stop. When Jones's brother knocked on the door, the juvenile pushed Jones away. Jones's brother came in and told Jones to stop. Jones told the juvenile that "he wouldn't do it again" if the juvenile stayed and continued playing video games.

{¶7}     But Jones again unbuttoned the juvenile's pants and touched his penis. The juvenile got up and went down the steps, but Jones pulled him into a bathroom. Jones then tried to force the juvenile to put his mouth on Jones's penis.

{¶8}     Subsequently, Sergeant Delk contacted Holly Mott "with Hamilton County Children of Disabilities," presumably Hamilton County Developmental Disabilities Services, who assisted him with the investigation. Jones and his mother came to the police department, and Mott questioned him. Jones confirmed some of the details provided by the juvenile. When Jones started making statements incriminating himself, they stopped the questioning, and Sergeant Delk read him his rights.

{¶9}     Angela Jones, Jones's mother, testified that her son had never been aggressive and had never sexually acted out before. She stated that she had told the juvenile not to come into her home. She had only been gone for 20 minutes and had left Jones in the care of his brother. When she returned, she saw that the juvenile's pants were undone. She stated, "I wasn't sure that my son had done something but I knew that something had happened."

{¶10}     After the hearing, the trial court found by clear and convincing evidence that Jones was "mentally ill subject to hospitalization or mentally retarded

subject to hospitalization." It also found by clear and convincing evidence that Jones had committed the offenses charged in the indictment. It, therefore, retained jurisdiction over him. Subsequently, this court granted Jones's motion to file a delayed appeal.

{¶11} In his first assignment of error, Jones contends that the trial court erred by finding that clear and convincing evidence existed that he had committed the offenses with which he was charged. He argues that the court's decision was not supported by sufficient evidence. This assignment of error is not well taken.

{¶12} Under former R.C. 2945.38(B)(1) (effective until September 16, 2014), a common pleas court presiding over a criminal case involving a defendant charged with a violent first- or second-degree felony who had been found incompetent to stand trial could require the defendant to undergo treatment for up to one year. *State v. Williams*, 126 Ohio St.3d 65, 2010-Ohio-2453, 930 N.E.2d 770, ¶ 11. If the one-year period expired and the defendant remained incompetent to stand trial, and there was not a substantial probability that the defendant would become competent to stand trial within one year, the court could have ordered the defendant discharged or the court could have retained jurisdiction over the defendant as provided in former R.C. 2945.39. Former R.C. 2945.38(B)(2); *Williams* at ¶ 12.

{¶13} To retain jurisdiction, the court had to find, by clear and convincing evidence, both that the defendant had committed the charged offense and that the defendant was a mentally ill person subject to hospitalization by court order. Former R.C. 2945.39(A)(2); *Williams* at ¶ 13. Clear and convincing evidence is evidence that will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established. *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, 865 N.E.2d 1264, ¶ 20. In making this determination, the court could consider all

relevant evidence, including, but not limited to, any relevant psychiatric, psychological, or medical testimony or reports, the acts constituting the offense charged, and any history of the defendant that is relevant to the defendant's ability to conform to the law. Former R.C. 2945.39(B).

{¶14} The Ohio Supreme Court has determined that former R.C. 2945.39 was "manifestly civil in its intent." *Williams* at ¶ 35. In civil cases, as in criminal cases, the sufficiency of the evidence is quantitatively and qualitatively different from the weight of the evidence. *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517, paragraph two of the syllabus.

{¶15} Our review for sufficiency asks whether some evidence exists on each element. *Eastley* at ¶ 19; *In re A.B.*, 1st Dist. Hamilton Nos. C-150307 and C-150310, 2015-Ohio-3247, ¶ 15. It is a test of adequacy, and whether the evidence is legally sufficient to sustain the judgment is a question of law. *Eastley* at ¶ 11; *In re A.B.* at ¶ 15. We hold that Sergeant's Delk's testimony was sufficient to show by clear and convincing evidence that Jones had committed the offenses with which he was charged.

{¶16} Jones argues that Sergeant Delk's testimony was unreliable because it involved hearsay. He argues that the state should have called the juvenile victim and others to testify. First, we note that former R.C. 2945.39(B) gave the court the discretion to consider all relevant evidence. *See State v. Smith*, 11th Dist. Lake No. 2013-L-020, 2013-Ohio-5827, ¶ 19.

{¶17} Further, the record shows that before the court heard any testimony, Jones's counsel stated that "[m]y understanding is that hearsay evidence, because it's a pretrial motion, will be admissible so it's not objectionable at this time." The court stated "that's why you are not objecting." Counsel replied, "Correct, Judge." The

trial court then stated, "That's on the record. And it is a pretrial hearing so the officer can continue to testify about his investigation, and even hearsay that he received from people that told him about the case." Thus, even if the admission of hearsay into evidence was error, Jones forfeited or even invited the error. *See State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 21; *State v. Allen*, 1st Dist. Hamilton No. C-150769, 2016-Ohio-5258, ¶ 9; *Blair v. McDonagh*, 177 Ohio App.3d 262, 2008-Ohio-3698, 894 N.E.2d 377, ¶ 39 (1st Dist.).

{¶18} Jones also sets forth numerous reasons why Sergeant Delk's testimony was not credible. But in deciding whether the evidence was sufficient, we neither resolve evidentiary conflicts nor assess the credibility of the witnesses. *M.J. v. L.P.*, 9th Dist. Medina No. 15CA0036-M, 2016-Ohio-7080, ¶ 8; *State v. Thomas*, 1st Dist. Hamilton No. C-120561, 2013-Ohio-5386, ¶ 45. Consequently, we overrule Jones's first assignment of error.

{¶19} In his second assignment of error, Jones contends that "the evidence was not sufficient to support [his] conviction as it was against the manifest weight of the evidence." But Jones was not actually convicted of any crime. The trial court simply determined that it could retain jurisdiction over him.

{¶20} Former R.C. 2945.39 did not "affix criminal culpability for prior criminal conduct." *Williams*, 126 Ohio St.3d 65, 2010-Ohio-2453, 930 N.E.2d 770, at ¶ 33. A trial court's determination by clear and convincing evidence that the defendant committed the offense was "merely a factor considered in determining the propriety of the commitment; it play[ed] no role beyond that limited purpose." *Id.*

{¶21} As to the court's decision to retain jurisdiction, our review for weight of the evidence asks whether the evidence on each element satisfies the burden of persuasion, which in this case was a clear-and-convincing standard. *In re A.B.*, 1st

Dist. Hamilton Nos. C-150307 and C-150310, 2015-Ohio-3247, at ¶ 15, citing *Eastley*, 132 Ohio St.3d 328, 2012-Ohio-2179, 927 N.E.2d 517, at ¶ 12 and 19.

{¶22} After reviewing the record, we cannot hold that the trier of fact lost its way and created such a manifest miscarriage of justice that we must reverse the judgment and order a new hearing. Therefore, the judgment is not against the manifest weight of the evidence. *See Eastley* at ¶ 12; *A.B.* at ¶ 16. Again, Jones is arguing that Sergeant Delk's testimony was not credible. But when reviewing evidence under the manifest-weight standard, an appellate court must defer to the fact-finder's credibility determinations. *In re R.S.*, 4th Dist. Highland No. 13CA22, 2013-Ohio-5569, ¶ 33, citing *Eastley* at ¶ 21. Consequently, we overrule Jones's second assignment of error.

{¶23} In his third assignment of error, Jones contends that his Sixth Amendment right to confront the witnesses against him was violated. He argues that he was denied the right to physically confront the witnesses against him due to the use of hearsay. This assignment of error is not well taken.

{¶24} First, the Ohio Supreme Court has stated that "[b]ecause [former] R.C. 2945.39 is civil in nature, a person committed under the statute need not be afforded the constitutional rights afforded to a defendant in a criminal prosecution." *Williams*, 126 Ohio St.3d 65, 2010-Ohio-2453, 930 N.E.2d 770, at paragraph two of the syllabus. Additionally, Jones failed to object to the use of hearsay, and he did not raise the confrontation issue in the trial court. Consequently, he forfeited any error. *See Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, at ¶ 21; *Allen*, 1st Dist. Hamilton No. C-150769, 2016-Ohio-5258, at ¶ 9. We overrule Jones's third assignment of error.

**{¶25}** In sum, we find no merit in Jones's three assignments of error. The trial court did not err in retaining jurisdiction over Jones, and we affirm the trial court's judgment.

Judgment affirmed.

**MILLER** and **DETERS, JJ.,** concur.

Please note:

The court has recorded its own entry this date.