[Cite as *Quincy Communication v. Patrick*, 2021-Ohio-1736.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| QUINCY COMMUNICATION, d.b.a. TAZZ ROOFING, | : | APPEAL NO. C-200224 TRIAL NO. 20CV-00218 |
| Plaintiff-Appellant, | : | *O P I N I O N.* |
| vs. | : | |
| DONNA PATRICK, | : | |
| Defendant-Appellee. | : | |

Civil Appeal From:  Hamilton County Municipal Court

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  May 21, 2021

*Christopher P. Frederick*, for Plaintiff-Appellant,

*Keating Muething & Klekamp PLL*, *James R. Matthews* and *Sophia R. Holley*, for Defendant-Appellee.

**MYERS, Presiding Judge.**

{¶1}    Plaintiff-appellant Quincy Communication, d.b.a. Tazz Roofing ("Tazz") appeals from the trial court's entry granting judgment to defendant-appellee Donna Patrick following trial on Tazz's claim for breach of contract.

{¶2}    In two assignments of error, Tazz challenges the sufficiency and the weight of the evidence supporting the trial court's decision, specifically arguing that the trial court erred in determining that the liquidated-damages clause in the contract was unenforceable.    Because we find that the trial court correctly determined that the liquidated-damages clause was unenforceable, and that its decision was supported by both the sufficiency and the weight of the evidence, we affirm the trial court's judgment.

### *Factual and Procedural Background*

{¶3}    Tazz and Patrick executed a contract for Tazz to repair Patrick's roof. The contract authorized Tazz to advocate on behalf of Patrick with her insurance company, and it provided that "I agree to allow Tazz to complete all prescribed repairs at prices determined by my insurance carrier with no additional costs except my insurance deductible, code upgrades (if applicable), and any non-recoverable depreciation that is not covered by my insurance carrier."    An addendum to the contract contained a liquidated-damages clause, which stated that:

> If the work is approved by the insurance company and this contract is cancelled by the customer later than (3) days from entering this agreement (if applicable), the customer shall pay to Tazz liquidated damages of the lesser of either 1) loss of profits or 2) 25% of the

contract settlement price and all overhead and profit (if applicable) as determined by the insurance company. In either case, customer to pay any reasonable attorney fees[.] Interest shall accure [sic] at a rate of 18% upon any unpaid balances from the date of the breach., [sic] This is not a penalty. Lastly, Tazz shall be paid separately for any services that have been provided for by Tazz. If a portion of the settlement is modified out, Tazz shall receive as a fee of 25% of those funds [sic].

{¶4} Tazz contacted Patrick's insurance carrier and obtained approval to perform the repairs on Patrick's roof. The relationship between Patrick and Tazz deteriorated prior to Tazz performing the physical repairs on the roof, and Patrick informed Tazz that she would no longer be using its services. Tazz filed a complaint alleging breach of contract in the Small Claims division of Municipal Court. Pursuant to the liquidated-damages clause in the contract, Tazz sought $1,450 in damages, which it alleged was "25% of the gross claim plus attorney fees."

{¶5} At a trial before a Municipal Court magistrate, Tazz representative Ron Dick testified that Tazz and Patrick executed a "service agreement contract," which Dick explained meant that "whatever the insurance company says we're going to do, that's what we're going to do for that price." Dick testified that Tazz obtained an insurance adjuster's approval to make repairs to Patrick's roof, but that Patrick instructed the adjuster not to provide Tazz with a copy of the authorized scope of repairs and also failed to attend a scheduled meeting to endorse and turn over to Tazz the check that she had received from her insurance company. With respect to the estimated cost of making the repairs to Patrick's roof, Dick testified that "all we know is that when we were there that we were able to see it was about $4,400 for the

job in that range, but we still don't have a scope for it." He conceded that no physical work had been done on Patrick's roof, but explained that Tazz had done background work to get the repairs approved.

{¶6} Patrick testified that she cancelled the roofing contract because she felt that Tazz was more interested in getting a check from her than it was in the condition of her roof. She referenced a conversation with a Tazz employee in which the employee had "raised his voice at [her] and disrespected [her]." According to Patrick, she attended the scheduled meeting at which she was supposed to hand over the endorsed check from her insurance company, but was unable to find a Tazz employee at the scheduled meeting spot.

{¶7} The magistrate issued a decision finding that the liquidated-damages clause in the parties' contract was unenforceable because it did not contain an agreed upon amount of damages and only alluded to a percentage of lost profits or a percentage of the contract price as damages. The magistrate further found that no physical work had been done on Patrick's roof and that Tazz had failed to establish any actual damage caused by Patrick's breach, and it entered judgment for Patrick.

{¶8} Tazz filed objections to the magistrate's decision. The trial court overruled the objections, adopted the magistrate's decision, and entered judgment in favor of Patrick.

### *Sufficiency and Weight of the Evidence*

{¶9} In two assignments of error, Tazz argues that the trial court's judgment in favor of Patrick on its breach-of-contract claim was not supported by sufficient evidence and was against the manifest weight of the evidence.

{¶10} The elements of a breach-of-contract claim are a contract, the plaintiff's performance, a breach by the defendant, and damages. *White v. Pitman*, 2020-Ohio-3957, 156 N.E.3d 1026, ¶ 37 (1st Dist.). Our review of the sufficiency of the evidence requires us to determine whether some evidence exists on each element. *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517, ¶ 19; *State v. Jones*, 1st Dist. Hamilton No. C-160735, 2017-Ohio-5517, ¶ 15. When reviewing the manifest weight of the evidence in a civil case, "[w]e weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether in resolving conflicts in the evidence, the trial court clearly lost its way and created such a manifest miscarriage of justice that its judgment must be reversed and a new trial ordered." *United States Fire Ins. v. Am. Bonding Co., Inc.*, 1st Dist. Hamilton Nos. C-160307 and C-160317, 2016-Ohio-7968, ¶ 16.

{¶11} Tazz specifically challenges the sufficiency and weight of the evidence supporting the trial court's determination that the liquidated-damages clause in the contract was unenforceable and that Tazz had no damages.

{¶12} Ohio law permits parties to a contract to provide for liquidated damages in cases where actual damages would be difficult or impossible to prove or calculate. *Samson Sales, Inc. v. Honeywell, Inc.*, 12 Ohio St.3d 27, 465 N.E.2d 392 (1984), syllabus. In such cases, the parties recognize that damages would be appropriate if one party breaches their agreement and they provide for a specific, agreed upon amount. Usually, this is a specific dollar amount.

{¶13} As set forth above, the liquidated-damages clause in this case provided that if Patrick cancelled the contract more than three days after it was executed, she was required to pay Tazz the lesser of its loss of profits or "25% of the contract

settlement price and all overhead and profit (if applicable) as determined by the insurance company." Both of these calculations involve actual damages and neither involve a specific dollar amount. The Supreme Court of Ohio has set forth a test to determine the validity of a liquidated-damages clause. Where parties have agreed on the amount of damages in clear and unambiguous terms, the specified amount of damages will be treated as liquidated damages, rather than as a penalty, if the damages would be "(1) uncertain as to amount and difficult of proof, and if (2) the contract as a whole is not so manifestly unconscionable, unreasonable, and disproportionate in amount as to justify the conclusion that it does not express the true intention of the parties, and if (3) the contract is consistent with the conclusion that it was the intention of the parties that damages in the amount stated should follow the breach thereof." *Id.* at syllabus; *Drake Townhomes, LLC v. Woodberry*, 1st Dist. Hamilton No. C-160632, 2017-Ohio-6968, ¶ 22.

{¶14} The liquidated-damages clause in this case failed to specify in clear and unambiguous terms the amount of damages that would be imposed if Patrick breached the contract. Instead of providing a specific amount of damages that would be assessed, the contract stated that Patrick would be required to pay the lesser of Tazz's lost profits or 25% of the contract settlement price, along with all overhead and profit if applicable. As discussed above, this calculation, rather than being a specific amount for liquidated damages, includes concepts for measuring actual damages (lost profits, overhead) and therefore is not a proper liquidated-damages clause. If actual damages were calculable, then no liquidated-damages clause would be needed. In addition, both of the contractual options for calculating damages included amounts that were unknown at the time that the contract was entered into.

6

The contract referenced that Tazz was allowed to complete all repairs at a price determined by Patrick's insurance carrier, but it failed to specify either the determined price or Tazz's anticipated profits. Thus, any amount was purely speculative and unknown at the time the contract was entered into. Because the liquidated-damages clause failed to set forth the agreed upon amount of damages, the trial court did not err in determining that it was unenforceable.

{¶15} When a liquidated-damages clause is found to be unenforceable, "the recovery of damages is limited to the amount of actual damages proven." *Drake Townhomes* at ¶ 23. Here, Tazz failed to establish that it incurred any damages resulting from Patrick's breach. It is undisputed that Tazz did not complete any physical work on Patrick's roof or purchase any roofing materials. Dick testified that Tazz had contacted Patrick's insurance company and obtained approval to make the necessary roof repairs, and that a Tazz employee had met with an insurance adjuster at Patrick's home. But he failed to testify as to the cost Tazz incurred in taking these steps.

{¶16} Because Tazz failed to establish that it had incurred damages caused by Patrick's breach, an element of a breach-of-contract claim, we hold that the trial court's judgment in favor of Patrick was supported by both the sufficiency and the weight of the evidence.

{¶17} The first and second assignments of error are overruled, and the judgment of the trial court is affirmed.

Judgment affirmed.

**WINKLER** and **BOCK, JJ.,** concur.

7

Please note:

The court has recorded its own entry on the date of the release of this opinion.