[Cite as *Price v. Brooks*, 2022-Ohio-2800.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| DIONTE PRICE, | : | APPEAL NO. C-210668 |
| | | TRIAL NO. 20CV-15761 |
| Plaintiff-Appellant, | : | |
| vs. | : | *O P I N I O N.* |
| CHRISTINA BROOKS, | : | |
| Defendant-Appellee. | : | |

Civil Appeal From:  Hamilton County Municipal Court

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:   August 12, 2022

*Richard D. Feil III*, for Plaintiff-Appellant,

*Stuart L. Richards*, for Defendant-Appellee.

**WINKLER, Judge**.

{¶1} On September 20, 2021, plaintiff-appellant Dionte Price ("Dionte") filed a complaint alleging that his landlord, defendant-appellee Christina Brooks, had illegally resorted to self-help in disposing of his belongings in violation of R.C. 5321.15. A magistrate found that Dionte had not proven his claims by a preponderance of the evidence and recommended that the trial court grant judgment in favor of Brooks, at Dionte's cost. Dionte objected to the magistrate's decision. The trial court overruled the objections, adopted the magistrate's decision, and entered judgment in favor of Brooks. This appeal followed.

### *Factual Background*

{¶2} The record shows that Brooks was the owner of property located at 1284 Shepard Lane. Dionte and Brooks entered a written lease agreement for rental of the property. Demetrius Price ("Demetrius"), Dionte's brother, and Orlando Crawford, his cousin, were also listed as tenants. The agreement expired on June 10, 2020, and became a month-to-month tenancy.

{¶3} Before the written lease expired, Dionte was incarcerated. Demetrius died on June 27, 2020. Crawford subsequently moved out of the premises. Consequently, the rent was not paid for July 2020. Nevertheless, Brooks never filed a forcible-entry-and-detainer action.

{¶4} Shanae Price ("Shanae"), Dionte's sister, testified at the hearing before the magistrate. On September 1, 2020, Dionte executed a durable power of attorney naming Shanae as his attorney-in-fact, and she testified on his behalf. She stated that on July 11, 2020, she went to retrieve her brother's property, and she found that the locks were changed, and his property was on the front porch. Brooks told her that she could not enter the premises and that Brooks was going to change the locks. They got

into an "altercation," which caused Shanae to call the police. A police officer arrived, and Shanae and Brooks agreed that Shanae would come back, and no one was arrested. When she returned, Dionte's belongings were gone. She estimated that they had a value of between $3000 and $10,000.

{¶5} Brooks testified that on July 10, 2020, she had talked to Dionte and his girlfriend, Thelma Faulk, on a three-way call. Dionte asked Brooks to allow Faulk to go in and "get some stuff out of the house," and Brooks said, "Fine." Shortly after that, Brooks saw Faulk, Crawford, and Shanae in the house taking out belongings. She added, "I go over there to change the locks because I have permission to change the locks. Other parties who was [sic] in the house said they had got everything out of the house that they wanted out of the house." Subsequently, Crawford gave Brooks permission to go into the house and to remove everything that was left.

{¶6} Brooks said that when she arrived on July 11, Shanae was at the house. She told Brooks that she had come to retrieve Dionte's belongings. Brooks told Shanae that she was tired as she had just gotten off work and asked her to come back. Then, Shanae started cussing, calling her names, and threatening to burn down the house. She said that Shanae called the police and lied that Brooks had told her to pick up Dionte's belongings. Subsequently, Shanae came and removed all the items on the porch. Brooks denied that she had disposed of any of the property.

{¶7} The magistrate, "[a]fter considering all of the evidence presented, including the testimony, demeanor and credibility of the witnesses," found that Dionte had not proven his case by a preponderance of the evidence. She stated, "This Magistrate finds that the Plaintiff gave the Defendant permission to dispose of the items that were left, either by allowing his girlfriend and family to retrieve what they wanted, or by throwing it out." She added, "Additionally, the Plaintiff provided no evidence itemizing the specific property that was allegedly thrown out, and there was

no evidence provided supporting the value of the property. There was simply an estimate of the value of the estimated property."

{¶8} In his sole assignment of error, Dionte contends that the trial court erred in by entering judgment in favor of Brooks. He argues that the court relied on hearsay to find that he had given permission to dispose of his belongings, and that Brooks committed self-help in violation of R.C. 5321.15. We need not reach Dionte's hearsay argument, because we hold that even if the hearsay testimony is considered, the evidence shows that Brooks violated the statute. Nevertheless, we hold that the trial court did not err in finding that Dionte failed to prove damages. Thus, though we find merit in some of Dionte's arguments, we ultimately conclude that his assignment of error is not well taken.

### *Standard of Review*

{¶9} The standard of review following a civil bench trial is whether the trial court's judgment is against the weight of the evidence. *Downtime Rebuild, LLC v. Trinity Logistics, Inc.*, 2019-Ohio-1869, 135 N.E.3d 1253, ¶ 12 (1st Dist.). Under a manifest-weight-of-the-evidence standard, we determine whether the evidence on each element satisfies the burden of persuasion. *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, 927 N.E.2d 517, ¶ 19; *State v. Jones*, 1st Dist. Hamilton No. C-160735, 2017-Ohio-5517, ¶ 21.

{¶10} In conducting this review, an appellate court weighs the evidence and all reasonable inferences, considers the credibility of the witnesses, and determines whether in resolving the conflicts in the evidence, the finder of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed, and a new trial ordered. *Eastley* at ¶ 20; *Hensel v. Childeress*, 2019-Ohio-3934, 145 N.E.3d 1159, ¶ 13 (1st Dist.). "[E]very reasonable intendment and every reasonable

4

presumption must be made in favor of the judgment and the findings of fact." *Eastley* at ¶ 21; *Downtime Rebuild* at ¶ 12.

### *Landlord Self-Help*

{¶11} R.C. 5321.15(A) provides, "No landlord of residential premises shall initiate any act, including termination of utilities or services, exclusion from the premises, or threat of any unlawful act, against a tenant, or a tenant whose right to possession has terminated, for the purpose of recovering possession of residential premises, other than as provided in Chapters 1923., 5303., and 5321. of the Revised Code." This prohibition applies even when only a tenant's personal property remains on the premises. *Staley v. Phillips*, 1st Dist. Hamilton No. C-210438, 2022-Ohio-2112, ¶ 13. R.C. 5231.15(B) further provides, "No landlord of residential premises shall seize the furnishings or possessions of a tenant, or of a tenant whose right to possession has terminated, for the purpose of recovering rent payments, other than in accordance with an order issued by a court of competent jurisdiction."

{¶12} To terminate a month-to-month tenancy, R.C. 5321.17(B) requires a landlord to provide the tenant notice of termination at least 30 days "prior to the periodic rental date." If the tenant remains in possession of the premises after the expiration of the 30-day period, the landlord must serve the tenant with a three-day notice under R.C. 1925.04(A) before initiating an eviction action. *Risch v. Samuel*, 1st Dist. Hamilton No. C-190159, 2020-Ohio-1094, ¶ 16.

{¶13} Brooks's actions were not authorized under any of the statutory provisions cited in the self-help statute, and she never provided the required notices. The trial court determined that Dionte had given her permission to remove his belongings, but that finding does not justify Brooks's conduct. First, R.C. 5321.13(A) provides, "No provision of this Chapter may be modified or waived by any oral or

written agreement" except as provided in division (F) of that section, which does not apply here. *Miller v. Ritchie*, 45 Ohio St.3d 222, 225, 543 N.E.2d 1265 (1989); *Hodgson v. Hodgson*, 11th Dist. Lake No. 89-L-14-074, 1990 Ohio App. LEXIS 3912, *6 (Sept. 7, 1990); *Thomas v. Papadelis*, 16 Ohio App.3d 359, 359-360, 476 N.Ed.2d 726 (9th Dist.1984).

{¶**14**} Brooks testified that Dionte told her to let his girlfriend in and let her get "some of his stuff." She did not state that Dionte had said that she could get rid of anything that was left. Brooks also testified that Crawford gave her permission to change the locks and get rid of anything left. But Crawford could not give Brooks permission to remove Dionte's belongings.

{¶**15**} Further, there was no evidence that Dionte had abandoned his belongings. Abandoned property has been defined as "property over which the owner has relinquished all right, title, claim, and possession with the intent of not reclaiming it or resuming its ownership, possession, or enjoyment." *Staley*, 1st Dist. Hamilton No. C-210438, 2022-Ohio-2112, at ¶ 14, quoting *McCain v. Brewer*, 2d Dist. Darke No. 2014-CA-8, 2015-Ohio-198, ¶ 17. Abandonment requires affirmative proof of the intent to abandon the property and acts or omissions implementing that intent. Occasional, infrequent, or even non-use does not constitute abandonment without other evidence showing intent. *Staley* at ¶ 14; *State v. Reeves*, 12th Dist. Clermont No. CA-2020-01-001, 2020-Ohio-5565, ¶ 15. The record contains no evidence that Dionte intended to abandon his property. It showed that he was incarcerated and could not physically retrieve his property, which is not enough to establish abandonment.

{¶**16**} Even if Brooks's testimony is believed in its entirely, the record shows that Dionte met his burden to show self-help. *See Staley* at ¶ 12. The greater amount of credible evidence proved, by a preponderance of the evidence, that Brooks violated the prohibition on self-help evictions in R.C. 5321.15(A). Consequently, the trial court erred in finding that Dionte did not establish self-help. *See id.* at ¶ 25-27.

### *Proof of Damages*

**{¶17}** Nevertheless, the court also found that Dionte had failed to establish damages. R.C. 5321.15(C) provides, "A landlord who violates this section is liable in a civil action for all damages caused to a tenant, or to a tenant whose right to possession has terminated, together with reasonable attorneys fees." Generally, a person must be an expert to testify as to the value of property, but an exception exists for the owner of the property. *Bishop v. East Ohio Gas Co.*, 143 Ohio St. 541, 546-547, 56 N.E.2d 164 (1944); *Thompson v. Allen*, 2d Montgomery No. 23292, 2010-Ohio-1133, ¶ 19.

**{¶18}** When asked about the value of the property, Shanae, standing in her brother's place, stated, "It was a king size barrel set and the value of that was about $3,000. This is stuff that I [sic] given to my brother. Also in his room, it was Cartier glasses. It was multiple things. [I]t was still shoes, clothes." She added, "My brother Dionte works for Priceless Renovation. He has his work utensils that were downstairs and my brother Dwight Price can get an estimate on that. But when she was pressed to give an estimate, she stated, "I say $10,000 or more. I don't too much know."

**{¶19}** Even if Shenae's testimony is believed in its entirety, it was too speculative to meet Dionte's burden to prove damages. "An award of damages must be shown with a reasonable degree of certainty and in some manner other than mere speculation, conjecture, or surmise." *Danopolos v. Am. Trading II, LLC*, 1st Dist. Hamilton Nos. C-200350 and C-200354, 2021-Ohio-2196, ¶ 19, quoting *Capital Plus, Inc. v. Parker Ents. Imperial Dist., Inc.*, 1st Dist. Hamilton No. C-030046, 2004-Ohio-3896, ¶ 53. Dionte failed to present competent, credible evidence to show damages. *Id.*

**{¶20}** Dionte argues that even if he failed to prove damages, he was still entitled to attorney fees under the express language of R.C. 5321.15(C) because an award of fees is mandatory when there is a violation of the statute. *See Risch*, 1st Dist.

Hamilton No. C-190159, 2020-Ohio-1094, at ¶ 17. But this court recently held that if a tenant is not awarded damages for a violation of the statute, an award of attorney fees is not warranted. *See Staley*, 1st Dist. Hamilton No. C-210438, 2022-Ohio-2112, at ¶ 29-20.

**{¶21}** Even though Dionte proved that Brooks improperly used self-help, the trial court's alternative finding that he failed to prove damages was sufficient to support the trial court's judgment. Consequently, we overrule his assignment of error and affirm the trial court's judgment.

Judgment affirmed.

**MYERS, P.J.**, and **BOCK, J.**, concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.